**Oscar CABALLERO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–94–00320–CR.

Court of Appeals of Texas,
El Paso.

June 20, 1996.

---

Charles Lewis Roberts, El Paso, for Appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for the State.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

### *OPINION*

CHEW, Justice.

This is an appeal from a conviction for the offense of indecency with a child. The jury found the Appellant, Oscar Caballero, guilty and the court sentenced him to confinement in the Texas Department of Corrections—Institutional Division for a period of 15 years and 1 day. We affirm the conviction.

The State charged Caballero with two counts of indecency with a child. One count for each of Caballero's two sons. The jury found Caballero guilty of only one count; the count pertaining to the older son. Both boys testified that their father had touched their genitals when they went to visit him on weekends. The older son, who was nine at the time of trial, further testified that Caballero had pulled down his pants and had the older boy touch him. The older boy testified that Caballero threatened to hit him if he told his mother about the incidents. The boys' mother testified that a neighbor alerted her to the possibility that someone was sexually abusing the boys. The mother sought professional help for her sons. Dr. Lesley Fiferman, the psychologist who treated the boys, testified that both boys reported that Caballero had touched their genitals.

Caballero's first two points involve error in the trial court's submission of the following instruction to the jury:

A person acts **intentionally,** or with **intent,** with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

Defense counsel made the following objection to the instruction:

I would ask that it be stricken from the charge and we so object to the phrase 'respect to the nature'—excuse me—'to the nature of his conduct' and also 'desire to engage in the conduct' and I would state that this charge is improper as far as the nature of conduct. I would make a third— I would make two objections each to those phrases.

I would make a third objection on the grounds that to put it in the disjunctive is another error and I believe that this is harmful because it is either a conduct offense or it is a result of a nature of conduct or result of conduct offenses [sic].

It cannot be both and this allows the jury to convict on one or the other or a combination thereof.

■ This case involves a concept the Court of Criminal Appeals has called "the most basic and fundamental concept of criminal law, that in order to constitute a crime, the act or *actus reus* must be accompanied by a criminal mind or *mens rea.*" *Cook v. State,* 884 S.W.2d 485, 487 (Tex.Crim.App. 1994). The Legislature recognized this concept when it enacted separate culpable mental states. Section 6.03 of the Texas Penal Code delineates three "conduct elements" which may be involved in an offense: (1) the nature of the conduct; (2) the result of the conduct; and (3) the circumstances surrounding the conduct.... TEX.PENAL CODE ANN. § 6.03 (Vernon 1994). The Court of Criminal Appeals has determined that the scope of each culpable mental state is limited by the type of offense. In *McQueen v. State,* 781 S.W.2d 600, 603 (Tex.Crim.App.1989), the Court stated that analysis of criminal conduct varies according to the "conduct elements" of the offense. *Id.* at 603. Any offense may contain any one or more of these "conduct elements" which alone or in combination form the overall behavior which the Legislature has intended to criminalize, and it is those essential "conduct elements" to which a culpable mental state must apply. *Id.* For example, where specific acts are criminalized because of their very nature, a culpable mental state must apply to committing the act itself. If, however, unspecified conduct is criminal because of its result, culpability as to that result is necessary. *Id.* at 603.

■ In this case, Caballero bases two points of error on the trial court's instruction. First, he asserts that indecency with a child is a "conduct" offense rather than a "result" offense and he was therefore harmed by the inclusion of language in the charge defining the culpable mental state in terms of intent to bring about a specified result. Second, Caballero argues that the offense must be either a "conduct" or a "result" offense, but cannot be both. Caballero claims the instruction as given in the disjunctive harmed him because it allowed individual members of the jury to find him guilty if they believed either that Caballero intended to engage in proscribed conduct, or that Caballero intended a result of the conduct. He therefore claims that the disjunctive submission deprived him of the right to a unanimous jury verdict.

With regard to Caballero's first point of error, we initially note that his objection at trial does not comport with his argument on appeal. Caballero objected to the "conduct" language in the charge which defined the culpable mental state in terms of Caballero's intent to engage in the proscribed conduct. Caballero left the "result of conduct" language standing without objection. Caballero argues on appeal, however, that indecency with a child is a "conduct" offense and he claims harm from the inclusion of the "result of conduct" language.

The Court of Criminal Appeals has not yet characterized the offense of indecency with a child as a "conduct" or "result of conduct" offense. We therefore look to the Penal Code to determine whether the Legislature intended to punish "specified conduct" or a "specified result" in enacting the statute. See *Alvarado v. State,* 704 S.W.2d 36, 39 (Tex.Crim.App.1985). A person commits the offense of indecency with a child if, "with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he: (1) engages in sexual contact with the child...." TEX.PENAL CODE ANN. § 21.11(a)(1)(Vernon 1994). Section 21.01 of the penal code defines "sexual contact" as "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." TEX.PENAL CODE ANN. § 21.01(2).

■ The language of the relevant statutes indicate an intent on the part of the Legislature to proscribe specific conduct. That is, engaging in sexual contact with a person younger than seventeen. The indecency offense includes the requirement of "intent to arouse or gratify the sexual desire ..." because legitimate, non-criminal, contact may occur between parents, nurses, doctors, or other care-givers and a child, particularly a young child, on the relevant body parts. The offense, however, does not require that the arousal or gratification actually occur. The offense of indecency with a child is complete upon the contact accompanied by the requi-

site intent. The intent element goes only to the purpose of the contact, not to any result therefrom. Accordingly, we conclude that indecency with a child is an offense requiring proof of the defendant's intent to engage in proscribed conduct, rather than his or her intent to bring about any particular result.

Having determined that indecency with a child is a "conduct" offense, we must determine whether the trial court erred in instructing the jury on the requisite mental state in terms of both intent to engage in conduct and intent to bring about a specified result. *Cook v. State*, 884 S.W.2d 485 (Tex. Crim.App.1994). The Court of Criminal Appeals stated in *Cook* that it is error if the trial court fails to limit the definitions of the culpable mental states as they relate to the conduct elements involved in the particular offense. *Cook*, 884 S.W.2d at 491. Thus, we find error in the trial court's submission and we will review the record to determine whether the error harmed Caballero. *Almanza v. State*, 686 S.W.2d 157, 174 (Tex. Crim.App.1984). The record as a whole reflects that Caballero's defense centered on the intent element of the charged offense. Caballero did not present evidence that he did not touch his son, rather, Caballero's defense throughout trial was that he did not engage in the proscribed conduct with the intent to arouse or gratify his or anyone else's sexual desire. Thus, the trial court's instruction on the requisite intent and culpable mental state was of importance to Caballero's defense.

If an offense is a "result of conduct" offense, a jury charge including the "conduct" language submitted in the disjunctive would cause harm to a defendant. For example, murder is a "result of conduct" offense. The State must prove that the accused engaged in conduct with the intent to bring about a specified result, the death of the victim. *Cook*, 884 S.W.2d at 491. If a charge for the offense of murder contained both conduct and result of conduct language, the defendant is harmed because the jury, or a single juror, might come to the conclusion that the defendant's intent to engage in the conduct alone, without an intent to bring about the death of the victim, is enough to convict. In

that case, the extra language implies that the State has to prove less than is actually necessary to constitute the offense of murder. With a "conduct" offense, however, there is no "result" that the State must prove in order to convict the defendant. The State need only prove that the defendant engaged in the proscribed conduct: having sexual conduct with a child under the age of seventeen. The charge defined the proscribed conduct for the jury. In this case, the additional language in the charge pertaining to result of conduct implied that the State had to prove more than is actually necessary for a conviction. That is, that Caballero intended something to result from the defined conduct.

■ Even if the charge led all or any of the jury to believe that the State had to prove that Caballero intended some sort of result from his conduct, Caballero is not harmed by an element of proof that was additional to that actually necessary to convict. The United States Supreme Court has determined that there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict. See *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex.Crim.App.1991), quoting *Schad v. Arizona*, 501 U.S. 624, 632, 111 S.Ct. 2491, 2497, 115 L.Ed.2d 555, 565 (1991)(plurality opinion); *Nevarez v. State*, 847 S.W.2d 637, 643–44 (Tex.App.—El Paso 1993, pet. ref'd). A defendant's due process rights to a unanimous verdict are not affected even if the charge allows the jury to disagree on how the defendant committed the offense. See *Nevarez*, 847 S.W.2d at 644. On these facts, we do not find that the instruction harmed Caballero, or deprived him of his right to a unanimous jury verdict. Accordingly, we overrule points one and two.

In his final two points of error, Caballero asserts error in the trail court's failure to sustain, and failure to rule on, his objection to the following statements during final argument:

Prosecutor: It didn't happen because somebody made an allegation. It happened because they were playing inappropriately and the neighbor came over and said, 'I don't want your son playing with my son anymore.'

**132**

Defense: Your Honor, that's not the evidence. I would object.

The Court: The jury will collectively remember what the evidence is. Let me remind you again what the attorneys say in this courtroom is not evidence.

Defense: Your Honor, I would like a ruling on the objection.

The Court: I do not recall what the testimony is myself. In that regard, I'm not going to make a call on what the testimony is. The jury has been instructed they know what the testimony is.

 Proper jury argument consists of: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) a plea for law enforcement. *Alejandro v. State*, 493 S.W.2d 230, 231–232 (Tex.Crim. App.1973). Jury argument must be analyzed in light of the entire argument made and not just isolated sentences. See *Mosley v. State*, 686 S.W.2d 180, 183 (Tex.Crim.App.1985). In this case, the prosecutor's comment was a permissible summation of evidence presented at trial. The boys' mother testified that "I found out by my next door neighbors that he [Caballero] was sexually abusing my kids. I mean, I found out that way." When asked how she had received the information from the neighbor, she explained that her boys were exhibiting "bad behavior" at her next door neighbor's house. The boys' mother testified that the neighbor's complaints of the boys' "bad" behavior led her to investigate and seek attention for her children which in turn led to discovery of the sexual abuse.

Although there is no evidence in the record to indicate that the neighbor actually uttered the phrase "I don't want your son playing with my son anymore," it is clear that the neighbor complained about the boys' behavior. The prosecutor's statement is a reasonable deduction from the evidence and constitutes permissible summation of the testimony. Similarly, the prosecutor's use of the phrase "playing inappropriately" instead of "bad behavior," did not render the state-

ment objectionable. The statement, placed in context of the entire argument, properly presented a summation of the evidence of the neighbor's complaints introduced at trial. As such, it was proper jury argument. Accordingly, we overrule Points of Error Three and Four.

Having considered and overruled each of Caballero's points of error, we affirm the judgment of the trial court.