NUMBER 13-99-283-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


NOE RODRIGUEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 357th District Court


of Cameron County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez and Rodriguez



Opinion by Justice Chavez



 This is an appeal from a conviction for the offense of indecency
with a child.(1) On April 29, 1999, the jury found appellant, Noe
Rodriguez, guilty and sentenced him to five years incarceration. 
Appellant complains that the trial court erred by including the wrong
culpable mental state in the jury charge. We affirm.

 Appellant's indictment alleged that on December 19, 1998,
appellant did "with the intent to arouse or gratify [his] sexual desire,
intentionally or knowingly engage in sexual contact with [child's name]
by touching the breast of [child], a child younger than seventeen years
of age, and not the spouse of [appellant] with [his] hand." The child
whom appellant was convicted of molesting was the ten-year-old niece
of appellant's girlfriend. Appellant drove his girlfriend, his girlfriend's
mother, the victim and three of her siblings to a party hosted by some
of his girlfriend's relatives. They stayed for a few hours, and appellant
was seen drinking at the party. The amount he drank is uncertain, and
it is unclear whether or not he showed signs of inebriation. That night,
when they decided to leave the party, appellant and the ten-year-old
niece of his girlfriend got back to the car a few minutes before the rest
of the group arrived. The girl got to the car first, got into the back, and
was followed into the back seat by appellant. There, he started rubbing
her breast, put his arm around her, and told her to kiss him. The girl
covered her mouth and lowered her head.

 The girl's twelve-year-old brother was the next to arrive at the car. 
He saw appellant's right arm around his sister and appellant's left arm
touching or trying to touch her breast. He saw the girl's hand over her
mouth, and that she was upset and was trying to push him away. 
Appellant noticed the girl's older brother and acted as if nothing had
happened. In whispers on the way to their grandmother's house, her
brother confirmed with her what had just happened. As soon as they
arrived at their grandmother's, he went inside and reported the incident
to their grandmother. The girl confirmed what her brother had
reported. Appellant's aunt defended appellant, and, as a fight was
beginning, someone called the police. Shortly thereafter a police officer
arrived, arrested appellant for public intoxication, and instructed the
victim's family about making a report. The victim's family reported the
incident to the Cameron County Sheriff's Department.

 At trial, the jury charge provided the jury with a full statutory
definition of "knowingly," and a full statutory definition of
"intentionally." Appellant argues that these inclusions were erroneous. 
The application paragraph of the jury charge stated that the jury was to
find appellant guilty if it found beyond a reasonable doubt that appellant
acted "with intent to arouse or gratify the sexual desire of said
defendant, intentionally or knowingly[.]" Appellant argues that this
application paragraph could have allowed the jury to find him guilty of
indecency with a child without the specific intent to arouse or gratify
his sexual desire. We agree.

 The application paragraph disjunctively listed the culpable mental
states of knowingly and intentionally with the specific intent necessary
to complete the crime. Accordingly, the jury could have convicted
appellant without consideration of whether he acted with the proper
mens rea required by statute. To reach this conclusion, we analyze
appellant's mens rea and actus reas according to the conduct elements
of the offense. McQueen v. State, 781 S.W.2d 600, 603 (Tex. Crim.
App. 1989). The three conduct elements which may be involved in an
offense are: (1) the nature of the conduct; (2) the result of the conduct;
and (3) the circumstances surrounding the conduct. Tex. Pen. Code
Ann. § 6.03 (Vernon 1994). An offense may apply any number of these
conduct elements to a culpable mental state to form a criminalized
behavior. McQueen, 781 S.W.2d at 603.

 The Texas Court of Criminal Appeals has not yet characterized
what conduct element applies to the offense of indecency with a child,
but the Eighth Court of Appeals has. See Caballero v. State, 927
S.W.2d 128 (Tex. App.--El Paso 1996, pet. ref'd.); See also Washington
v. State, 930 S.W.2d 695 (Tex. App.--El Paso, 1996, no pet.) The
Eighth Court of Appeals followed Alvarado v. State, 704 S.W.2d 36, 39
(Tex. Crim. App. 1985), looking to the penal code to determine what
guidance the Legislature provided in the statute. Id. at 130. In its
relevant part, the statute outlaws the engagement in sexual conduct
with a child younger than 17 years old who is not the spouse of the
accused. Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon Supp. 2000). 
Sexual conduct is "any touching of the anus, breast, or any part of the
genitals of another person with intent to arouse or gratify the sexual
desire of any person." Tex. Pen. Code Ann. § 21.02(2) (Vernon Supp.
2000). 

 We agree with the analysis of the Eighth Court of Appeals that:

The language of the relevant statutes indicate an intent on
the part of the legislature to proscribe specific conduct[,] . .
. engaging in sexual contact with a person younger than
seventeen. The indecency offense includes the requirement
of "intent to arouse or gratify the sexual desire . . ." because
legitimate, non-criminal, contact may occur between
parents, nurses, doctors, or other care-givers and a child . .
. on the relevant body parts. The offense, however does not
require that the arousal or gratification actually occur. The
offense of indecency with a child is complete upon the
contact accompanied by the requisite intent. 

 

Caballero, 927 S.W.2d at 130-31. Accordingly, we conclude as our
sister court did, that "indecency with a child is an offense requiring
proof of the defendant's intent to engage in proscribed contact, rather
than his or her intent to bring about any particular result." Id.

 With the determination that indecency with a child is a conduct
offense, we now look to see if the trial court erred in its instruction to
the jury about the mental state necessary to complete the crime. See
Cook v. State, 884 S.W.2d 485, 490 (Tex. Crim. App. 1994). It is
erroneous for a trial court not to limit the definitions of the culpable
mental states as they relate to the conduct elements involved in a
particular offense. Id. at 491. Therefore, because of the inclusion of the
mental states knowingly and intentionally, there is error in the trial
court's submission. We will review the record to determine whether
the charge error harmed appellant. Almanza v. State, 686 S.W.2d 157,
174 (Tex. Crim. App. 1985).

 Appellant did not object to the jury charge at trial. When an
appellant alleges error in the jury charge but the record shows that he
did not object at trial, the reviewing court must determine that the
record supports a finding of egregious error. Id. at 171. Egregious error
in a charging instrument is error so harmful that the record supports a
finding that one was denied a fair and impartial trial. Patrick v. State,
906 S.W.2d 481, 492 (Tex. Crim. App. 1995). For this court to find
egregious error in the jury charge, the error must affect the very basis
of the case, deprive the defendant of a valuable right, or vitally affect a
defensive theory. Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App.
1996).

 In conducting this analysis, we consider four factors: (1) the
charge itself; (2) the probative evidence; (3) arguments of counsel; and
(4) any other relevant information revealed by the record of the trial as
a whole. Id. The only contested issue at trial was the children's
credibility, not appellant's intent. The jury is entitled to judge the
credibility of the witnesses and may choose to believe all, some, or none
of the witness's testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1998). The victim testified that while alone with appellant,
he touched her on her breast and told her to kiss him. This evidence is
plainly sufficient to establish the requisite intent. Additionally, there
was no evidence of circumstances that would have led the jury to find
that appellant had not acted with the specific intent necessary to
complete the crime. Appellant therefore has not demonstrated that the
error in the jury charge caused him egregious harm.

 We affirm the judgment of the trial court.


 MELCHOR CHAVEZ

 Justice


Publish.

TEX. R. APP. P. 47.3.


Opinion delivered and filed this

the 22nd day of June, 2000. 

1. Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon Supp. 2000)