NUMBERS

13-00-654-CR

13-00-655-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________


THOMAS GOMEZ , Appellant,


v.


THE STATE OF TEXAS , Appellee.

__________________________________________________________________


On appeal from the 180th District Court

of Harris County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Dorsey

Background 


Thomas Gomez challenges his conviction for indecency with a child and aggravated sexual assault of a child on grounds
that the evidence was legally and factually insufficient to support his conviction. We affirm.

The State produced the following evidence: On the night of August 20, 1998, a four year old girl, the victim, and her
mother were offered and accepted a ride with appellant. After appellant parked the van in an unfamiliar driveway, the
mother became frightened and jumped out of the van. Appellant drove away with the child. Approximately thirty minutes
later, appellant reappeared without the child, and stated that he left her with someone at the mother's apartment complex. 

Meanwhile, the child was found at the apartment complex walking slowly with her diaper around her shins. As a resident
walked the child to her apartment, Clarence Gilner, Jr., the victim's father, saw her and picked her up. In doing so, he
noticed a sticky, slimy substance all over her bottom that was flowing from her vaginal or rectal area. He wiped the
substance with his T-shirt. Gilner immediately called the police. EMT responded, and noticed blood coming from the
child's vaginal and rectal area. EMT transported her to the hospital. 

An emergency room sexual assault nurse examined the girl. The nurse noticed a fresh, bleeding tear in the child's anal area
that was less than 24 hours old. The nurse concluded that the child was penetrated with an object that caused foreign fluid
to discharge from the rectum cavity. He said the foreign fluid was semen.

 A crime laboratory supervisor found blood and semen from two stains on the left side of Gilner's T-shirt. The T-shirt was
submitted for DNA testing. Blood samples were taken from the appellant and the child to compare with the DNA found on
the T-shirt. The DNA samples matched. The DNA expert concluded that the DNA on the T-shirt was appellant's DNA. In
the Hispanic population, only one person in 99 billion would match appellant's DNA profile.

 Appellant was charged with two counts of aggravated sexual assault of a child; one count for the contact and penetration
of the child's female sexual organ, and one count for the contact and penetration of the child's anus. Appellant pled not
guilty to both counts. The jury found appellant guilty of aggravated sexual assault of a child for the contact and penetration
of the anus. The jury found appellant not guilty of aggravated sexual assault of a child for the contact and penetration of
the female sexual organ, but guilty of indecency with a child, a lesser-included offense. On August 17, 2000, appellant was
sentenced to confinement for sixty years with a $10,000 fine and confinement for twenty years with a $10,000 fine.
Appellant filed a written notice of appeal on the same day. 

Indecency with a Child 


A person commits an offense of indecency with a child if: (1) he engages in sexual contact with a child (2) and the child is
younger than seventeen years and not his spouse. Tex. Pen. Code Ann. § 21.11 (Vernon 2000). "Sexual contact" means
any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual
desire of any person. Tex. Pen. Code Ann. § 21.01(3) (Vernon 2000). 

Legal Sufficiency of the Evidence


In his first point of error, appellant complains that the evidence is legally insufficient to support his conviction for
indecency with a child. 

When we review the legal sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Patrick v. State, 906 S.W.2d 481, 486 (Tex. Crim. App. 1995);
Villarreal v. State, 865 S.W.2d 501, 503 (Tex. App.- Corpus Christi 1993, pet. ref'd). The appellate court serves to ensure
the rationality of the fact finder, but does not disregard, realign, or weigh the evidence. Moreno v. State, 755 S.W.2d 866,
867 (Tex. Crim. App. 1988). These standards of review apply equally to direct and circumstantial evidence cases. Earhart
v. State, 823 S.W.2d 607, 616 (Tex. Crim. App. 1991); Vela v. State, 771 S.W.2d 659, 660 (Tex. App.- Corpus Christi
1989, pet. ref'd). 

In circumstantial evidence cases, such as this one, it is not necessary that every fact point directly and independently to the
appellant's guilt. Rather, the evidence is sufficient if the fact finder's conclusion is warranted by the combined and
cumulative force of all the incriminating circumstances. Flores v. State, 551 S.W.2d 364, 367 (Tex. Crim. App. 1977). 

Specific intent to arouse or gratify the sexual desire of any person can be inferred from the defendant's conducts, remarks,
or all of the surrounding circumstances. McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981). The offense
does not require that the arousal or gratification actually occur. Caballero v. State, 927 S.W.2d 128 (Tex. App.- El Paso
1996, pet. ref'd); Rodriguez v. State, 24 S.W.3d 499 (Tex. App.- Corpus Christi 2000, pet. ref'd). The offense requires
proof of the defendant's intent to engage in proscribed contact, rather than his intent to bring about any particular result. 
See Caballero, 927 S.W.2d at 130-31. 

In this case, the State produced evidence that the child was left alone with appellant. Afterwards, the child was found with
her diaper around her shins, a sticky, slimy substance coming from her anal and vagina area, and a fresh, bleeding tear to
her anus that was less than 24 hours old. Because the child's father held her shortly after she was accompanied by
appellant, the sticky, slimy substance was also found on the father's T-shirt. The T-shirt stains were tested, were semen,
and matched appellant's DNA profile, which was 1 in 99 billion of the Hispanic population. The evidence is sufficient to
allow a rational trier of fact to believe beyond a reasonable doubt that appellant touched the child's genitals. 

Appellant's sexual contact with her was not "legitimate, non-criminal contact that may occur between parents, nurses,
doctors, or other care-givers of the child." See Caballero, 927 S.W.2d at 131. From the surrounding circumstances, it was
reasonable for the jury to infer that appellant intended to engage in sexual contact with the child. 

Since the victim was four years old and not the spouse of appellant, a rational juror could conclude that appellant
intentionally engaged in sexual contact with her. The evidence is legally sufficient to support appellant's conviction for
indecency with a child.

Factual Sufficiency of the Evidence


In his second point of error, appellant complains that the evidence is factually insufficient to support his conviction for
indecency with a child. 

When we review the factual sufficiency of the evidence, we review all of the evidence in the light most favorable to the
prosecution and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Clewis v. State, 922 S.W.2d 126, 133-34 (Tex. Crim. App. 1996). Applying this standard, we hold that
the evidence is factually sufficient to support appellant's conviction because the verdict is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. 

Aggravated Sexual Assault of a Child




Appellant complains that the evidence was legally and factually insufficient to support his conviction for aggravated sexual
assault of a child. He was convicted of aggravated sexual assault of a child at the same trial in which he was convicted of
the previously-discussed charge of indecency with a child. The two convictions sprang from different conduct committed
during the same incident.

A person commits aggravated sexual assault of a child if he intentionally or knowingly causes the child's anus to contact the
sexual organ of another person, including the actor. Tex. Pen. Code. Ann. § 22.021(a)(1)(b)(i) & (iv) (Vernon Supp. 2000). 
We find the evidence was sufficient, both factually and legally, to support appellant's conviction. Id.

As we noted with regard to the indecency conviction, the evidence showed that the child was found with her diaper around
her shins and a sticky, slimy substance coming from her anal area. She had a fresh, bleeding tear to her anus that was less
than 24 hours old. Appellant's DNA matched the sticky, slimy substance found on Mr. Gilner's T-shirt. We find that
evidence to be sufficient to allow a rational trier of fact to believe beyond a reasonable doubt that the appellant's sexual
organ contacted the victim. In addition, we find it reasonable for the jury to infer from the surrounding circumstances that
appellant intended to contact the victim's anus with his sexual organ. 

Since the victim was under the age of fourteen and a rational juror could conclude that appellant intended to contact the
anus of a child with his sexual organ, we hold the evidence is legally sufficient to support appellant's conviction of
aggravated sexual assault of a child. See Jackson v. Virginia, 443 U.S. at 319. We also find the evidence is factually
sufficient to support appellant's conviction because the verdict is not so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 133-34 (Tex. Crim. App. 1996).

Conclusion


We hold the evidence in this case was legally and factually sufficient to support the conviction of appellant for indecency
with a child and aggravated sexual assault of a child. The judgment of the trial court is affirmed. 





 

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 2nd day of August, 2001.