United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 31, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10566

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

STEPHEN L ASSITER

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
No. 5:03-CR-4-ALL-C

Before KING, Chief Judge, and BENAVIDES and CLEMENT, Circuit
Judges.

PER CURIAM:[*]

On March 30, 2003, Defendant-Appellant Stephen L. Assiter
pleaded guilty to one count of "Interstate Receipt of Child
Pornography," in violation of 18 U.S.C. § 2252A(a)(2)(A) and § 2
(2000). Assiter appeals from the district court's sentencing
decision, claiming that the court improperly enhanced his
sentence under U.S.S.G. § 2G2.2(b)(4) (2002). For the following
reasons, we affirm.

Because Assiter pleaded guilty to violating 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

§ 2252A(a)(2)(A), the district court applied § 2G2.2 of the Sentencing Guidelines.  The government recommended a five-level increase to the base offense level, under § 2G2.2(b)(4), for "engag[ing] in a pattern of activity involving the sexual abuse or exploitation of a minor."  This five-level increase is appropriate when the defendant has, on at least two occasions, engaged in "conduct constituting criminal sexual abuse of a minor, sexual exploitation of a minor, abusive sexual contact of a minor, [or] <u>any similar offense under state law</u>."  U.S.S.G. § 2G2.2 cmt.1 (emphasis added).  At the sentencing hearing, the government asserted that Assiter had, at least twice, taken nude photographs of two minor girls while he was wearing only a long shirt.  Accordingly, it argued that Assiter had committed the Texas crime of "Indecency With a Child."  <u>See</u> TEX. PENAL CODE ANN. § 21.11(a)(2) (Vernon 2003).  Assiter objected and claimed that there was insufficient evidence to demonstrate that he had violated § 21.11(a)(2).  The district court overruled the objection and sentenced Assiter to fifty-one months of imprisonment, followed by a three-year term of supervised release.

On appeal, Assiter reasserts his contention that the enhancement was erroneously applied because the government did not provide sufficient evidence to demonstrate that he had committed the Texas indecency crime.  We review the district court's application of the Sentencing Guidelines <u>de novo</u> and its

factual findings at sentencing for clear error.  See United States v. Medina-Anicacio, 325 F.3d 638, 643 (5th Cir. 2003). Generally, the government must prove factors for the enhancement of a sentence by a preponderance of the evidence.  See United States v. Watts, 519 U.S. 148, 157 (1997); United States v. Canada, 110 F.3d 260, 263 (5th Cir. 1997).

A person commits the Texas crime of Indecency With a Child if,

> with a child younger than 17 years and not the person's spouse, whether the child is of the same or opposite sex, the person:
> . . .
>     (2) with intent to arouse or gratify the sexual desire of any person:
>     (A) exposes the person's anus or any part of the person's genitals, knowing the child is present; or
>     (B) causes the child to expose the child's anus or any part of the child's genitals.

TEX. PENAL CODE ANN. § 21.11(a)(2) (emphasis added).  Assiter claims that the government proved only that he was wearing nothing but a long shirt while taking photographs of the two minor children, and it did not claim that the girls saw his genitals.  But Texas law does not require proof that a child actually saw Assiter's genitals; proof of exposure is sufficient.  See Breckenridge v. State, 40 S.W.3d 118, 128 (Tex. App.--San Antonio 2000, pet. ref'd).  Moreover, the government did not rely on Assiter's exposure in arguing that he had committed this crime.  Instead, the government alleged that Assiter violated § 21.11(a)(2)(B) by causing the children's genitals to be exposed while he took

3

numerous photographs of them for his own sexual gratification.

Assiter also argues that there was insufficient evidence to show that his intent in taking the photographs was to arouse or to gratify his own sexual desires. Specifically, Assiter notes that the government did not attempt to prove that he was actually aroused during the photography session. Once again, Assiter's contention misses the mark because § 21.11(a)(2) does not require proof of arousal. See Gregory v. State, 56 S.W.3d 164, 171 (Tex. App.--Houston [14th Dist.] 2001, pet. dism'd), cert. denied 123 S. Ct. 1787 (2003); cf. Caballero v. State, 927 S.W.2d 128, 130 (Tex. App.--El Paso 1996, pet. Ref'd). Under Texas law, "[t]he requisite specific intent to arouse or gratify the sexual desire of a person can be inferred from conduct, remarks, or all the surrounding circumstances." Gregory, 56 S.W.3d at 171. Here, the government maintained that the court could infer the intent to arouse because Assiter not only caused two minor girls to expose their genitals while he himself was naked from the waist down, but he also took numerous nude pictures of the girls, some of which focused on the genital area. In addition, an FBI agent testified that Assiter had stored many pornographic images of adult women on his computer, including images of bestiality. This combination of circumstances is far more compelling than the facts required to prove the intent to gratify under Texas law. See Martins v. State, 52 S.W.3d 459, 475 (Tex. App.--Corpus Christi 2001, no pet.) (reviewing cases). We therefore hold that

4

the government met its burden of proving Assister's intent by a preponderance of the evidence.

In the alternative, Assister claims that even if he violated § 21.11(a)(2), this crime is not sufficiently similar to the offenses enumerated in the commentary to U.S.S.G. § 2G2.2(b)(4) to qualify for the five-level sentencing increase. Because Assister did not object to his sentence on this basis in the district court, this "issue is raised for the first time on appeal and is reviewed for plain error." United States v. Cabral-Castillo, 35 F.3d 182, 188-89 (5th Cir. 1994).[2] We have stated that an error is not "plain" unless it is "clear" or "obvious." Id. at 189. This circuit has never before considered whether a violation of the Texas indecency statute constitutes "sexual abuse or exploitation of a minor" under § 2G2.2(b)(4). Thus, "any error by the district court in this regard was not plain or obvious, as we have not previously addressed this issue." United States v. Vega, 332 F.3d 849, 852 n.3 (5th Cir. 2003).

Accordingly, the defendant's sentence is AFFIRMED.

---

[2]    Although the government did not ask us to adopt this standard until oral argument, its failure "is unfortunate, but not fatal" to our use of the appropriate standard of review. United States v. Vonsteen, 950 F.2d 1086, 1092 (5th Cir. 1992) (en banc).