Criminal Case Template






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



LUIS CARRASCO,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00071-CR

Appeal from the

210th District Court

of El Paso County, Texas

(TC# 20020D04606)




O P I N I O N

           This is an appeal from a jury conviction for the offense of aggravated assault. The
jury assessed punishment at eight years’ imprisonment in the Institutional Division of the
Texas Department of Criminal Justice. We affirm the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
            Appellant was charged with a three-count indictment alleging the commission of the
offenses of aggravated kidnaping, aggravated robbery, and aggravated assault. The jury
found Appellant guilty of aggravated assault but acquitted him of the other two offenses.            At the guilt-innocence stage of trial, the evidence indicated that in June of 2002,
Carlos Parra drove to a convenience store in his new pick-up truck. He went into the store
to buy lottery tickets. As he exited the store, Appellant, armed with a knife, came up to him
and stated, “Get up in the truck.” Appellant pointed the knife at Parra. Parra struggled with
Appellant. As Appellant struck at Parra with the knife, Parra was able to take hold of the
knife. He twisted the blade of the knife and it broke off. Appellant ran away.
           Parra reentered the store and the police were summoned. The police brought
Appellant back to the store and Parra identified Appellant as the one who had attacked him. 
Parra stated that he felt threatened by the knife, and he was in fear of suffering imminent
bodily injury during the assault. Parra’s hand was scratched during the struggle, but he was
not seriously wounded.
           During closing argument at the guilt-innocence stage of trial, counsel for the State
argued the following:
Remember in Voir Dire, the defense (inaudible) to investigate, subpoena people and
documents--whatever--to prove something didn’t happen? Didn’t put on any defense
to say this did not even happen. This is what happened. It happened that day. It
happened as alleged.

           No objection was lodged to this argument.

           At the punishment stage of trial, Border Patrol Agent Dante Moreno testified that he
was working the checkpoint on Interstate 10 near Las Cruces, New Mexico, on July 9, 2001
when Appellant was stopped and his vehicle was searched. Moreno found a .410-gauge
shotgun in the trunk beneath the spare tire. The barrel was sawed off. The car was owned
by Appellant’s wife.
           The complainant, Carlos Parra, stated he had lost income of around $7,000 to $8,000 
as a result of the incident. He had restricted his activities.
           Border Patrol Agent Manuel Ibarbo testified that Appellant’s Border Patrol file
indicated that Appellant was not in the United States legally when he was stopped at the
checkpoint. There was an order of removal in the file stating that Appellant was to be
removed from the United States on September 5, 2001. Therefore, Appellant was illegally
in the United States at the time of this incident which subjected him to prosecution for the
felony offense of “Reentry After Deportation” which carries a maximum punishment of
twenty years’ imprisonment.
           Attorney Chris Antcliff testified on behalf of Appellant. He stated that a person
convicted of reentering the United States illegally would have to serve a federal sentence
consecutively to any state sentence received for a state-court conviction.
           During argument at the punishment stage of trial, the following exchange occurred:
STATE:What did you not hear? Remember we were talking about the 
character of the defendant? Some people say: in music, half the
music is the silence between the notes. In a criminal trial--
 
DEFENSE:Objection, Your Honor. Objection. My client not testifying-- 
 
STATE:I am not going into any such nature.
 
DEFENSE:Your Honor--
 
STATE:I’m talking about the evidence not presented, as he went into: 
Where is my judgment? I don’t have one because it doesn’t
exist. He’s got ability to subpoena witnesses; he can bring
anybody he wants.
 
DEFENSE:Your Honor, if we can just rule as far as talking about the right
that he was given within the Charge, not testifying not to be
considered.
 
COURT:I’ll overrule the objection at this time, but be careful, Mr.
Meyers.
 
STATE:Thank you, Your Honor. Defense counsel can subpoena anyone
to come to court. Who did you hear from? Who said he’s not
usually violent? Who said he’s law-abiding at any time? Who
said he’s honest? Who said he or she would feel safe turning
their back on him? No one. Does this man not have a friend on
this planet? He’s got a wife. 
 
II. DISCUSSION
           
           In Appellant’s sole issue, he maintains that the counsel for the State utilized improper
jury argument by commenting on Appellant’s silence during trial. Proper jury argument
consists of: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3)
answer to argument of opposing counsel; and (4) a plea for law enforcement. Alejandro v.
State, 493 S.W.2d 230, 231-32 (Tex. Crim. App. 1973); Caballero v. State, 927 S.W.2d 128,
132 (Tex. App.--El Paso 1996, pet. ref’d). Jury argument must be analyzed in light of the
entire argument made and not just isolated sentences. See Mosley v. State, 686 S.W.2d 180,
183 (Tex. Crim. App. 1985).
           Both the state and federal constitutions prohibit the prosecution from commenting on
a defendant’s failure to testify. See U.S. Const. amend. V; Tex. Const. art. I, § 10; Tex.
Code Crim. Proc. Ann. art. 38.08 (Vernon 1979). As the reviewing court, we consider the
comment from the standpoint of the jury. See Swallow v. State, 829 S.W.2d 223, 225 (Tex.
Crim. App. 1992); Brown v. State, 92 S.W.3d 655, 665 (Tex. App.--Dallas 2002, pet.
granted), aff’d, 122 S.W.3d 794 (Tex. Crim. App. 2003), cert. denied, 124 S.Ct. 1678 (2004). 
 For the prosecutor’s argument to violate the defendant’s right against self-incrimination and
constitute reversible error, it must do more than merely imply or indirectly allude to
Appellant’s failure to testify; the argument must be or intended to be of such a character that
the jury would necessarily and naturally take it as a comment on the accused’s failure to
testify. An argument does not impermissibly comment on the accused’s failure to testify
unless it calls the jury’s attention to the absence of evidence that only the defendant’s
testimony could supply. Fuentes v. State, 991 S.W.2d 267, 275 (Tex. Crim. App.), cert.
denied, 528 U.S. 1026, 120 S.Ct. 541, 145 L.Ed.2d 420 (1999).
           Futhermore, to preserve any error from improper jury argument, a party must object
to the argument and pursue the objection until the trial court rules adversely. Mathis v. State,
67 S.W.3d 918, 926-27 (Tex. Crim. App. 2002); Cockrell v. State, 933 S.W.2d 73, 89 (Tex.
Crim. App. 1996) (holding Appellant waived complaint that prosecutor commented on his
failure to testify during closing argument by failing to object); see Tex. R. App. P. 33.1. If
an adverse ruling is obtained, the defendant must request an instruction for the jury to
disregard, and then move for a mistrial. Cockrell, 933 S.W.2d at 89.
           Appellant contends that the first above-referenced argument made at the guilt-innocence stage of trial was a comment on his failure to testify. As no objection was lodged,
the contention has been waived on appeal. Id.
           Appellant also asserts that the argument made during the punishment stage of trial was
a comment on his failure to testify. We note that Appellant’s counsel had previously argued
to the jury that the State’s evidence or lack thereof caused the jury to have to speculate
regarding the proper punishment to assess. Specifically, counsel argued that the State had
failed to produce a judgment showing Appellant had any prior felony convictions. Further,
Appellant’s counsel argued that the State was requesting the jury to speculate that he would
reenter this country illegally and commit crimes if he were placed on probation. Defense
counsel had also argued that the State had failed to produce any documentation showing that
the complainant Parra had actually suffered the financial setbacks that he had related. 
Counsel argued that regarding the assessment of punishment, certainty was required--not
speculation.
           It is in this context that we must review the prosecutor’s argument concerning
Appellant’s character and the silence between the notes. While the argument is not
abundantly clear, it appears that it alludes to Appellant’s failure to produce character
witnesses. A prosecutor may comment about a defendant’s failure to produce testimony from
sources other than the accused concerning a disputed matter in issue. Patrick v. State, 906
S.W.2d 481, 491 (Tex. Crim. App. 1995), cert. denied, 517 U.S. 1106, 116 S.Ct. 1323, 134
L.Ed.2d 475 (1996).
           The State’s argument was also a proper response to Appellant’s assertion that the gaps
in the State’s evidence caused for improper speculation. Proper jury argument includes an
answer to argument of opposing counsel. Jackson v. State, 17 S.W.3d 664, 673 (Tex. Crim.
App. 2000). Accordingly, we find that the argument was not an improper comment of
Appellant’s failure to testify and we overrule Appellant’s sole issue on appeal.
           Having overruled Appellant’s sole issue on review, we affirm the judgment of the trial
court.
 
                                                                  RICHARD BARAJAS, Chief Justice
February 24, 2005

Before Panel No. 3
Barajas, C.J., Larsen, and Chew, JJ.
Larsen, J., not participating

(Do Not Publish)