

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00423-CV

IN THE MATTER OF J.L.

On Appeal from the County Court
Deaf Smith County, Texas, Sitting as Juvenile Court
Trial Court No. JU 13H-023, Honorable Tom Simons, Presiding

March 6, 2015

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant J.L., a juvenile, appeals the disposition order of commitment to the Texas Juvenile Justice Department in which the trial court found he engaged in delinquent conduct by committing indecency with a child. Through one issue, he contends the trial court reversibly erred in its instruction to the jury. We will affirm the judgment of the trial court.

## Background

The district attorney's office filed a petition alleging delinquent conduct against appellant, a juvenile sixteen years of age, alleging two counts of indecency with a child.[1] One count alleged appellant engaged in delinquent conduct by touching the genitals of the victim. The second alleged appellant engaged in delinquent conduct by causing the victim to touch appellant's genitals.

Appellant does not challenge the sufficiency of the evidence to support the jury's verdict. We will therefore relate only those facts pertinent to disposition of his appellate issue.

The victim testified she was twelve years old at the time of the incident. She said that one evening, she was watching movies at her grandmother's apartment with her older half-sister, her brother, and appellant. The victim had not met appellant before that day. Her half-sister testified she "dated [appellant] for a couple of months." The victim said she sat on a couch and appellant "began to scoot next to her" and tried to kiss her. She told him to stop. Appellant also "tried to put her hand on [appellant's] penis" and her hand "barely touched it." She also testified appellant touched her on her breasts with his hand over her clothes and touched her genitals. An outcry witness testified the victim told her appellant took her hand and put it on appellant's "private."

Witnesses appearing on behalf of appellant testified to their presence in the room at the time of the alleged incidents and stated they saw nothing like the victim described.

---

[1] TEX. PENAL CODE ANN. § 21.11 (West 2009).

The jury returned a verdict finding appellant engaged in delinquent conduct by having the victim touch appellant's genitals. It failed to find he touched her genitals. The court then dismissed the jury and heard punishment evidence, after which it ordered appellant to commitment to the Texas Juvenile Justice Department and ordered that he register as a sex offender.  This appeal followed.

Analysis

In his sole issue on appeal, appellant argues that the language of the jury charge's application paragraph could have erroneously allowed the jury to convict him without finding he possessed the specific intent "to arouse or gratify his sexual desire" and that error was made worse by the inclusion of the full statutory definitions[2] of the culpable mental states of "knowingly" and "intentionally" in the jury charge's abstract provisions.  Appellant argues he was egregiously harmed by the error.

An error in the jury charge is generally reviewed under an abuse of discretion standard. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  If we find error, we must then evaluate the harm. *Barrios v. State,* 283 S.W.3d 348, 350 (Tex. Crim. App. 2009); *Ngo v. State,* 175 S.W.3d 738, 743 (Tex. Crim. App. 2005).

Appellant was adjudicated delinquent by the finding he committed indecency with a child by causing the twelve-year-old victim to engage in sexual contact.  To constitute sexual contact under the indecency with a child statute, an act must be committed with

---

[2] The charge's definition of "intentionally" actually was missing a few words.  It read:  "A person acts intentionally, or with intent, with respect to the nature of his conduct when it is his conscious objective or desire to engage in conduct or cause the result." *Cf.* TEX. PENAL CODE ANN. § 6.03(a) (West 2011).  The charge did include the full statutory definition of "knowingly." *See* TEX. PENAL CODE ANN. § 6.03(b) (West 2011).

3

the intent to arouse or gratify the sexual desire of any person. TEX. PENAL CODE ANN. § 21.11 (West 2009).

The abstract portion of the jury charge included language stating: "Our law provides that a person commits the offense of Indecency with a Child if, with a child younger than seventeen years of age and not his spouse; whether the child is of the same or opposite sex, he engages in sexual contact with the child." The charge defined "sexual contact" as "any touching, including through the clothing, of any part of the anus, breast, or genitals of another person with intent to arouse or gratify the sexual desire of any person."

The application portion of the jury charge provided: "Now if you find from the evidence beyond a reasonable doubt that on or about the 21st day of July, 2013, the juvenile, [J.L.] did then and there with intent to arouse or gratify the sexual desires of the juvenile, intentionally or knowingly cause [victim], a child younger than seventeen (17) years of age, to engage in sexual contact by causing [victim] to touch the genitals of the juvenile then you will find the juvenile engaged in Delinquent Conduct as alleged in Paragraph 2 of the Petition Alleging Delinquent Conduct."

Appellant begins his analysis with the assertion indecency with a child is a "nature of conduct" offense rather than a "result of conduct" offense. For that proposition, he cites *Scott v. State,* 202 S.W.3d 405 (Tex. App.—Texarkana 2006, pet. ref'd); *Rodriguez v. State,* 24 S.W.3d 499 (Tex. App.—Corpus Christi 2000, pet. ref'd); and *Caballero v. State,* 927 S.W.2d 128 (Tex. App.—El Paso 1996, pet. ref'd). Those cases do not involve an indictment alleging the defendant caused the child victim to

engage in sexual contact.[3]  *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2009); *Scott,* 202 S.W.3d at 407; *Rodriguez,* 24 S.W.3d at 501; *Caballero,* 927 S.W.2d at 130. Nonetheless, for our present purpose we will assume, without deciding, that appellant is correct in his characterization of the offense of which he was adjudicated as a nature of conduct offense.  *But see Arredondo v. State,* No. 05-11-01679-CR, 2013 Tex. App. LEXIS 8683, at *6 (Tex. App.—Dallas July 12, 2013, no pet.) (mem. op., not designated for publication) (noting only mental state expressly required by the statute appears to require actor's intent be directed to result of the conduct).  And for our present purpose we will assume, without deciding, that he is correct also that the trial court's inclusion of the complained-of terms in the application paragraph, and its use of the complete statutory definitions of the mental states "intentionally" and "knowingly," were error. *See, e.g., Bazanes v. State,* 310 S.W.3d 32, 37 (Tex. App.—Fort Worth 2010, pet. ref'd) (finding error in similar charge).

Turning to the issue of harm, because appellant did not object to the charge, we must decide whether the error was so egregious and created such harm that the appellant did not have a fair and impartial trial—in short, that "egregious harm" has occurred.  *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). *See also* TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006); *Allen v. State,* 253 S.W.3d 260, 264 (Tex. Crim. App. 2008).  Egregious harm is a difficult standard to prove, and such a determination must be made on a case-by-case basis. *Taylor v. State,* 332 S.W.3d 483, 489 (Tex. Crim. App. 2011).  Egregious error affects the very

---

[3] The statutory language criminalizing the conduct of one who "causes the child to engage in sexual contact" under Penal Code section 21.11(a) was added in 2001.  Acts 2001, 77th Leg., ch. 739, § 2.

basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Id.* at 490. To determine if appellant suffered egregious harm, we consider (1) the entire charge; (2) the state of the evidence, including contested issues; (3) arguments of counsel; and (4) any other relevant information. *Vega v. State,* 394 S.W.3d 514, 521 (Tex. Crim. App. 2013).

As did the courts in *Bazanes,* 310 S.W.3d at 38 and *Rodriguez,* 24 S.W.3d at 503,[4] we find the record does not reflect egregious harm from the asserted errors, including the use of overly-broad definitions of the terms "intentionally" and "knowingly."

Our first consideration in determining harm is that of the state of the charge as a whole. The abstract portion of the charge accurately stated the substantive law on the offense of indecency with a child as it applied in this case. While the charge contained definitions of "intentionally" and "knowingly," it also included the definition of "sexual contact" containing the *mens rea* required by the statute. As such, the instructions informed the jury of what the State was required to prove regarding appellant's culpable mental state. *Bazanes,* 310 S.W.3d at 37. Also, the charge included the instructions, "Unless you find the alleged crime in Paragraph 2 of the Petition was committed by the juvenile beyond a reasonable doubt, then you will find the juvenile was not engaged in Delinquent Conduct" and the charge accurately set forth the remaining applicable law. Considering the charge as a whole, appellant's asserted errors appear less than egregiously harmful.

---

[4] Similarly, the court in *Caballero*, 927 S.W.2d at 131, found no harm in an objected-to charge containing result-oriented definitions, and the court in *Arredondo,* 2013 Tex. App. LEXIS 8683 at *6-7, found no egregious harm from similar definitions in the charge.

Second, we look to the state of the evidence and the contested issues. Here, the credibility of the victim, not appellant's state of mind, was the primary dispute. Appellant adopted a defensive theory asserting the sexual contact never happened and the victim's story was fabricated in retaliation against him by the victim's sister, appellant's former girlfriend. There was no contention here that sexual contact was inadvertent. *See, e.g., Bazanes*, 310 S.W.3d at 35. The jury, if it believed the victim's testimony, could have inferred appellant possessed the requisite intent to arouse or gratify his sexual desire from the actions to which the victim testified. The jury had before it also the contrasting testimony of other people in the room when the incident allegedly occurred. Appellant's defense was not vitally affected by the charge given to the jury. We find the state of the evidence and contested issues at trial weigh in favor of less than egregious harm to appellant.

Third, we consider argument of counsel. The record shows the State in its argument specifically pointed out the prosecutor had asked the victim to describe "what [appellant's] penis felt like because that's one of the things we have to prove is that there was an arousal or for gratification of a sexual desire." This statement focused the jury's attention on the specific intent required by the statute. Counsel for appellant focused his argument on the testimony of the defense witnesses who told the jury they did not see or hear anything on the night in question. Appellant's culpable mental state was not mentioned. Rather, counsel reiterated his theory that despite the victim's allegations, "that doesn't mean that [J.L.] did anything." Accordingly, we find this factor also weighs in favor of finding no egregious harm to appellant.

7

Lastly, we look at any other information that may be relevant to our determination of harm. Appellant points to the punishment assessed against him as evidence of egregious harm. He contends the sentence that he be "placed in a locked juvenile facility with a requirement to register as a 'sex offender'" is a serious deprivation of rights and shows actual harm. We agree that in addressing other relevant information, we may consider the severity of the punishment assessed, which may indicate egregious harm in some situations. *See, e.g., Martinez v. State*, 313 S.W.3d 358, 369 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd), (*citing Bolden v. State,* 73 S.W.3d 428, 432 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd)). But, we cannot agree the record here reflects a connection between the alleged errors in the charge to the jury and his disposition by the court. Because it was the court who determined appellant's disposition, not the jury, the disposition is not an indication of egregious harm from charge error in this case.

## Conclusion

In light of our review of the *Almanza* factors under the requisite standard, we cannot conclude that the error, if any, in the jury charge caused appellant egregious harm. We overrule appellant's sole issue on appeal, and affirm the order of the trial court.

James T. Campbell
Justice