In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00235-CR


______________________________




KELLEY ALLEN JONES, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


Fannin County, Texas


Trial Court No. 21632




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Carter



O P I N I O N



 Kelley Allen Jones had known Angela Rains for only a short time, but they had just agreed
to move into the same motel room and share expenses. That same night, Rains brought her fourteen-year-old daughter, B.S.S., to the motel. The child went to sleep on the floor and, when Rains
returned from an errand, she saw Jones next to B.S.S. with "his hand down in her pants." Jones was
found not guilty of indecency with a child, but guilty of the lesser included offense of attempted
indecency with a child. The jury assessed punishment at ten years' confinement and a $5,000.00 fine. 
On appeal, Jones contends: (1) the jury charge contained error; (2) ineffective assistance of counsel
for failing to object to the charge error; (3) legal and factual insufficiency to prove the specific intent;
and (4) legal and factual insufficiency to prove more than mere preparation to commit the offense. 
We affirm the judgment of the trial court. 

I. Error in the Jury Charge? 

 One method of committing indecency with a child occurs if a person, with a child younger
than seventeen years and not the person's spouse, engages in sexual contact with the child. Tex.
Penal Code Ann. § 21.11(a)(1) (Vernon 2003). As pertinent here, "sexual contact" means any
touching by a person, including touching through clothing, of the anus, breast, or any part of the
genitals of a child with the intent to arouse or gratify the sexual desire of any person. Tex. Penal
Code Ann. § 21.11(c)(1) (Vernon 2003). With that definition of "sexual contact" (to include intent
to arouse or gratify sexual desire), the jury should have been instructed that indecency with a child
is committed if a person has sexual contact with a child under seventeen years and not the person's
spouse. Instead, the charge erroneously stated that indecency with a child is committed if the person
intentionally or knowingly engages in sexual contact with a child. The jury was also given the full
statutory definitions of "intentionally" and "knowingly." But the charge further properly defined the
term "sexual contact" as meaning any touching of the anus, breast, or any part of the genitals of
another with intent to gratify the sexual desire of any person. Additionally, in the application
paragraph for the indecency charge, the jury was authorized to convict Jones only by proof that Jones
did "with intent to arouse or gratify his sexual desire, knowingly or intentionally engage in sexual
contact . . . ." Before Jones could be found guilty, these instructions required the jury to find that
Jones engaged in sexual contact (defined as an act committed with intent to arouse or gratify his
sexual desire) and that such act was done knowingly and intentionally. However, Jones was found
not guilty of indecency with a child and was convicted of the lesser offense of attempted indecency
with a child. 

 The lesser offense of attempted indecency with a child properly required the jury to find
beyond a reasonable doubt that Jones acted with specific intent to commit the offense of indecency
with a child by contact by touching part of the genitals of B.S.S. with intent to arouse or gratify his
sexual desire, and performed an act amounting to more than the mere preparation. 

 The jury was also instructed properly that sexual contact meant the forbidden touching of a
child with intent to arouse and gratify the sexual desire of any person. Finally, in the application
paragraph of the jury charge on attempted indecency with a child, for which Jones was found guilty,
the jury was properly instructed that Jones must have attempted the forbidden touching of the child
to arouse or gratify his sexual desire. No mention is made regarding the lesser culpable mental states
of "knowing" or "intentional" conduct. There was no error in the application paragraph of the
attempted indecency charge for which Jones was convicted. 

 Jones' complaint emanates from the instructions concerning the indecency charge, for which
the jury found him not guilty. Jones contends that, because this section of the charge allowed a
knowing or intentional finding, rather than only requiring a specific intent finding, this affected the
lesser included attempt charge. We disagree.

 As we have explained, there is no error in the application portion of the charge for which
Jones was found guilty. Jones cites Rodriguez v. State, 24 S.W.3d 499 (Tex. App.--Corpus Christi
2000, pet. ref'd), in which the trial court improperly included the "knowingly and intentionally" jury
instruction when it should have only had the instruction on the specific intent requirement (intent
to arouse or gratify sexual desire). In Rodriguez, the defendant was convicted of indecency with a
child with the improper instruction, whereas here Jones was convicted of attempted indecency based
on a proper specific-intent instruction in the application paragraph. Rodriguez does not directly
apply to the facts of this case. 

 Even if a portion of the charge involving the indecency charge was in error, no objection was
made and reversal is proper only if we find the error caused egregious harm. Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). In such instance, we examine: (a) the
charge itself; (b) the state of the evidence, including contested issues; (c) the argument of counsel;
and (d) any other relevant information. Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App.
1996).

 A. The Charge

 Jones argues that, based on the improper inclusion of the terms "intentionally" and
"knowingly" in the charge, the jury could have convicted him of the attempted charge without
finding that he had the specific intent to "arouse or gratify his sexual desire." However, in the
attempt charge, the jury was directly instructed that a finding of sexual contact must include a
determination that Jones acted to arouse or gratify his sexual desire. In the application paragraph
such mental state was required, and the terms "intentionally" and "knowingly" were not mentioned. 
We believe that the instructions in the lesser included attempt charge ameliorated any harm from the
previous improper instructions. 

 B. State of the Evidence, Including Contested Issues

 Jones argues that his intent was an issue before the jury and, therefore, the jury charge
harmed him on that issue. 

 Rains testified she and Jones had agreed to share a motel room and split the rent. Rains'
daughter was in the motel room and went to sleep on the floor at approximately 11:00 p.m. Rains
left the room for a few minutes and, when she returned, she observed Jones on the floor by B.S.S.
"spooned up behind her with his hand down her pants." B.S.S. testified she went to sleep on the
floor and felt someone behind her put his arm around her and touch her leg and the inside of her right
thigh. His hand was rubbing going up, and she pushed it away. 

 In his defense, Jones testified Rains gave him a drink and left, at which time he fell asleep
on the porch. The next thing he remembered was being awakened when he was in the motel room
right by B.S.S. He did not know how he got into that room by B.S.S. He denied touching B.S.S.
in any manner and stated, "That did not occur at all," and, "I did not touch that girl at all." Jones did
not attempt to defend this case based on a mere accidental touching or even that he intentionally
touched B.S.S. but with merely platonic intentions; he denied having any physical contact with
B.S.S. Consequently, the intent of Jones in touching B.S.S., while it was a part of the State's
required proof, was not a contested issue and consequently Jones could not be egregiously harmed
by the definition of the intentional and knowing state of mind. Saldivar v. State, 783 S.W.2d 265,
268 (Tex. App.--Corpus Christi 1989, no pet.) ("where no defense is presented which would directly
affect an assessment of mental culpability, there is no harm in submitting erroneous definitions of
'intentionally' and 'knowingly'"). 

 C. Jury Argument 

 The State did not base its jury argument on an intentional or knowing act by Jones, but 
argued that Jones' sexual contact with B.S.S. was done to "arouse or gratify sexual desire of the
person, in this case Kelley Jones." No reference was made to an intentional or knowing touching
during the State's jury argument. 

 Based on the above discussion, we conclude that Jones was not egregiously harmed by the
jury instructions. The first point of error is overruled. 

II. Ineffective Assistance of Counsel

 As a corollary to the jury charge argument, Jones asserts that trial counsel performed
deficiently by failing to object to that portion of the jury charge wherein the terms "intentionally" and
"knowingly" were used. 

 The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland
v. Washington, 466 U.S. 668, 687 (1984); see also Hernandez v. State, 726 S.W.2d 53, 55 (Tex.
Crim. App. 1986). To be entitled to a new trial because his or her trial counsel was ineffective, an
appellant must show (1) that counsel's performance was so deficient that counsel was not functioning
as acceptable counsel under the Sixth Amendment and (2) that, but for counsel's error, the result of
the proceedings would have been different. See Strickland, 466 U.S. at 687; Gamble v. State, 916
S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996, no pet.).

 In determining whether the Strickland test has been met, we focus on the totality of the
representation afforded and not on individual, alleged errors. See Ex parte Welborn, 785 S.W.2d
391, 393 (Tex. Crim. App. 1990). The defendant bears the burden of proving ineffective assistance
of counsel. Strickland, 466 U.S. at 687; Gamble, 916 S.W.2d at 93. A defendant must overcome
the presumption that the challenged action might be considered sound trial strategy under the
circumstances. Strickland, 466 U.S. at 689; Gamble, 916 S.W.2d at 93. A claim of ineffective
assistance of counsel must be firmly supported in the record. McFarland v. State, 928 S.W.2d 482,
500 (Tex. Crim. App. 1996). An appellate court will not speculate to find an attorney ineffective.
Gamble, 916 S.W.2d at 93. In rare cases, however, the record can be sufficient to prove that
counsel's performance was deficient, despite the absence of affirmative evidence of counsel's
reasoning or strategy. Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000). 

 Since Jones was acquitted of the accusation of indecency with a child, no harm occurred to
him as a result of any improper instructions in the accusation for indecency with a child. We have
previously concluded that, considering all of the instructions given to the jury regarding the
attempted indecency charge, Jones suffered no egregious harm. The defense attorney convinced the
jury to acquit Jones on the greater charge and thereby limited the range of punishment to a third-degree felony. See Tex. Penal Code Ann. § 15.01(d) (Vernon 2003). While Jones' attorney could
have objected to the inclusion of the definitions of the mental states of intentional and knowing in
the jury charge, one could argue that allowing those definitions to remain in the charge placed a
greater burden on the State. Not only was the State required to prove the specific intent (arouse or
gratify sexual desire), but also the State had to prove such actions were done intentionally and
knowingly. A reasonable trial attorney could have considered that including the additional terms in
the jury charge was a reasonable trial strategy. Since we have no record of counsel's motivation in
failing to object, the presumption that counsel's actions might be considered sound strategy has not
been overcome; thus, we cannot conclude trial counsel was deficient. The ineffective assistance of
counsel point is overruled. 

III. Legal and Factual Sufficiency of Specific Intent and Conduct Amounting to More than Mere Preparation


 In four points of error, Jones contends the evidence is legally and factually insufficient to
prove that (1) he acted with the specific intent to commit the offense of indecency with a child and
(2) that he engaged in conduct that amounted to more than mere preparation to commit the offense. 

 A. Legal and Factual Sufficiency of the Evidence Standards 

 In assessing the legal sufficiency of the evidence to support a criminal conviction, we
consider all the evidence in the light most favorable to the verdict and determine whether, based on
that evidence and reasonable inferences therefrom, a rational juror could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979);
Powell v. State, 194 S.W.3d 503, 506 (Tex. Crim. App. 2006); Guevara v. State, 152 S.W.3d 45, 49
(Tex. Crim. App. 2004). The reviewing court must give deference to "the responsibility of the trier
of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 318-19. In reviewing the
sufficiency of the evidence, we should look at "events occurring before, during and after the
commission of the offense and may rely on actions of the defendant which show an understanding
and common design to do the prohibited act." Cordova v. State, 698 S.W.2d 107, 111 (Tex. Crim.
App. 1985). Each fact need not point directly and independently to the guilt of the appellant, as long
as the cumulative force of all the incriminating circumstances is sufficient to support the conviction.
See Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994); Johnson v. State, 871 S.W.2d
183, 186 (Tex. Crim. App. 1993). Circumstantial evidence is as probative as direct evidence in
establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish
guilt. Guevara, 152 S.W.3d at 49. On appeal, the same standard of review is used for both
circumstantial and direct evidence cases. Id.; Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App.
2007).

 In a factual sufficiency review, the evidence is reviewed in a neutral light rather than (as in
a legal sufficiency review) in the light most favorable to the verdict. Roberts v. State, 220 S.W.3d
521 (Tex. Crim. App. 2007). Evidence can be factually insufficient in one of two ways: (1) when
the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly
unjust, and (2) when the supporting evidence is outweighed by the great weight and preponderance
of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust. Watson v.
State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). A reversal for factual insufficiency cannot
occur when "the greater weight and preponderance of the evidence actually favors conviction!" Id.
at 417. Although an appellate court reviewing factual sufficiency has the ability to second-guess the
jury to a limited degree, the review should still be deferential, with a high level of skepticism about
the jury's verdict required before a reversal can occur. Cain v. State, 958 S.W.2d 404, 407 & 410
(Tex. Crim. App. 1997).

 B. Evidence Relating to Specific Intent and Acts More than Mere Preparation

 The State was required to prove that the conduct of Jones showed an intent to gratify or
arouse his sexual desires. An aunt had custody of B.S.S., but Rains removed B.S.S. from her home
due to a family argument. She took B.S.S. to the Ranch Motel, where several persons were drinking
and using drugs. After B.S.S. went to sleep on the floor, Rains left for a few minutes to obtain some
toiletries while Jones was outside on the porch. When Rains returned, the door was locked and the
lights were turned off. She opened the motel room door with her key and saw Jones lying next to
B.S.S. "with his hand down her pants." Chris Pleiss, another friend at the motel, came inside the
room, saw Jones, and kicked Jones out of the room. Jones began explaining to Rains that he
"thought it was me." Pleiss testified he saw Jones curled up by B.S.S. and kicked him and told Jones
to get out. However, Pleiss did not see any inappropriate touching.

 B.S.S. testified she was fourteen years old at the time of the incident. Earlier that day, when
she first met Jones, he told her several times she was pretty and looked like her mom, which made
her uncomfortable. She further testified that, when she was on the floor, she felt someone behind
her placing his arm around her and touching her leg. She attempted to move away, but he touched
the inside of her thigh, and his hand was "rubbing like it was going up and I'd push it away." She
also thought he whispered in her ear, "I love you." B.S.S. said she was 100 percent sure that he
touched her, had his arm over her, and was rubbing the inside of her leg. She said his hand never
went inside her pants. 

 Jones testified that, on the night in question, he had only consumed a "couple of beers." He
agreed he told B.S.S. that she was pretty and looked like her mom. He stated that Rains prepared
a drink for him and left, at which time he fell asleep on the porch. He did not remember anything
until he was awakened inside the house and B.S.S. "is right here on the right side." He suspected
that something must have been in the drink Rains prepared because when he woke up it was "like
I was paralyzed." He denied touching B.S.S. and contended it would have been impossible since he
cannot lie on his side due to injuries received in a motorcycle wreck. He testified the investigating
officer told him that he had been "set up." 

 C. Analysis of Evidence of Specific Intent 

 "Sexual contact" means any touching by a person, including touching through clothing, of
the anus, breast, or any part of the genitals of a child or any touching of any part of the body of a
child, including touching through clothing, with the anus, breast, or any part of the genitals of a
person. Tex. Penal Code Ann. § 21.11(c). This Court has recently observed: 

 Rarely will there be direct evidence of what an accused intended at the time
of the incident. Thus, the fact-finder usually must infer intent from circumstantial
evidence rather than direct proof. More specifically, in the context of indecency with
a child, the fact-finder can infer the requisite intent to arouse or gratify sexual desire
from conduct, remarks, or all the surrounding circumstances. The intent to arouse
or gratify may be inferred from conduct alone. No oral expression of intent or visible
evidence of sexual arousal is necessary.

Scott v. State, 202 S.W.3d 405, 408 (Tex. App.--Texarkana 2006, pet. ref'd) (citations omitted). 

 Jones denied that he committed or attempted to commit any improper touching of B.S.S. and
suggested that he was drugged, placed in the motel room on the floor beside B.S.S., and set up by
Rains. Not only did Rains testify that she saw Jones with his hand down the pants of B.S.S., but also
B.S.S. testified that Jones told her several times that she was pretty, rubbed on her thigh area, and
told her he loved her. Both B.S.S. and Rains testified that, when Jones was discovered, he stated to
Rains that he mistakenly thought B.S.S. was Rains. The jury is the exclusive judge of the credibility
of the witnesses; in this case, the jury found against Jones' theory of the sequence of events of the
evening. Based on Jones' comments and actions, we find there was legally and factually sufficient
evidence to uphold the jury's finding that Jones' actions in touching B.S.S. were done with the intent
to arouse or gratify his sexual desire. 

 D. More than Mere Preparation

 "A person commits an offense if, with specific intent to commit an offense, he does an act
amounting to more than mere preparation that tends but fails to effect the commission of the offense
intended." Tex. Penal Code Ann. § 15.01(a) (Vernon 2003). The Texas Court of Criminal
Appeals has recognized that there is an "imaginary line" that separates mere preparatory conduct,
which is usually noncriminal, from an act which tends to effect the commission of an offense, which
is always criminal conduct. Flournoy v. State, 668 S.W.2d 380, 383 (Tex. Crim. App. 1984);
McCravy v. State, 642 S.W.2d 450, 460 (Tex. Crim. App. 1980). The fact that an appellant could
have taken further actions without actually committing the offense does not act so as to render his
or her actions nothing more than mere preparation. Hackbarth v. State, 617 S.W.2d 944, 946 (Tex.
Crim. App. 1981). Where the imaginary line is to be drawn depends on the nature of the crime
attempted and must be considered on a case-by-case basis. Gibbons v. State, 634 S.W.2d 700, 707
(Tex. Crim. App. 1982); see Henson v. State, 173 S.W.3d 92 (Tex. App.--Tyler 2005, pet. ref'd)
(acts attempting to solicit young male to older male's home allegedly to do some work was not more
than mere preparation, but asking him to allow older male to commit sexual act on him was more
than mere preparation). 

 Here, we believe there is legally and factually sufficient evidence that Jones crossed the line
between mere preparation and an attempt to commit indecency with a child. The testimony of B.S.S.
was that Jones was rubbing up against her leg and thigh, she thought he whispered that he loved her,
and afterward he claimed that he thought she was Rains. The acts are more than merely preparing
or planning, and such actions tended to effect the commission of the offense. We overrule the legal
and factual sufficiency points of error.

 

 Based on the foregoing, we affirm the judgment of the trial court. 




 Jack Carter

 Justice


Date Submitted: June 4, 2007

Date Decided: June 27, 2007


Publish