**Noe RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–99–283–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 22, 2000.

Rehearing Overruled Aug. 3, 2000.

Rene B. Gonzalez, Brownsville, for Appellant.

Yolanda De Leon, Dist. Atty., Brownsville, for the State.

Before Justices HINOJOSA, CHAVEZ and RODRIGUEZ.

## OPINION

Opinion by Justice CHAVEZ.

This is an appeal from a conviction for the offense of indecency with a child.[1] On April 29, 1999, the jury found appellant, Noe Rodriguez, guilty and sentenced him to five years incarceration. Appellant complains that the trial court erred by including the wrong culpable mental state in the jury charge. We affirm.

Appellant's indictment alleged that on December 19, 1998, appellant did "with the intent to arouse or gratify [his] sexual desire, intentionally or knowingly engage in sexual contact with [child's name] by touching the breast of [child], a child younger than seventeen years of age, and not the spouse of [appellant] with [his] hand." The child whom appellant was convicted of molesting was the ten-year-old niece of appellant's girlfriend. Appellant drove his girlfriend, his girlfriend's mother, the victim and three of her siblings to a party hosted by some of his girlfriend's relatives. They stayed for a few hours, and appellant was seen drinking at the party. The amount he drank is uncertain, and it is unclear whether or not he showed signs of inebriation. That night, when they decided to leave the party, appellant and the ten-year-old niece of his girlfriend got back to the car a few minutes before the rest of the group arrived. The girl got to the car first, got into the back, and was followed into the back seat by appellant. There, he started rubbing her breast, put his arm around her, and told her to kiss him. The girl covered her mouth and lowered her head.

The girl's twelve-year-old brother was the next to arrive at the car. He saw appellant's right arm around his sister and appellant's left arm touching or trying to touch her breast. He saw the girl's hand over her mouth, and that she was upset and was trying to push him away. Appellant noticed the girl's older brother and acted as if nothing had happened. In whispers on the way to their grandmother's house, her brother confirmed with her what had just happened. As soon as they arrived at their grandmother's, he went inside and reported the incident to their grandmother. The girl confirmed what her brother had reported. Appellant's aunt defended appellant, and, as a fight was beginning, someone called the police. Shortly thereafter a police officer arrived, arrested appellant for public intoxication, and instructed the victim's family about making a report. The victim's family reported the incident to the Cameron County Sheriff's Department.

At trial, the jury charge provided the jury with a full statutory definition of "knowingly," and a full statutory definition

1. TEX. PEN.CODE ANN. § 21.11(a)(1) (Vernon Supp.2000)

of "intentionally." Appellant argues that these inclusions were erroneous. The application paragraph of the jury charge stated that the jury was to find appellant guilty if it found beyond a reasonable doubt that appellant acted "with intent to arouse or gratify the sexual desire of said defendant, intentionally or knowingly[.]" Appellant argues that this application paragraph could have allowed the jury to find him guilty of indecency with a child without the specific intent to arouse or gratify his sexual desire. We agree.

■■■ The application paragraph disjunctively listed the culpable mental states of knowingly and intentionally with the specific intent necessary to complete the crime. Accordingly, the jury could have convicted appellant without consideration of whether he acted with the proper mens rea required by statute. To reach this conclusion, we analyze appellant's mens rea and actus reas according to the conduct elements of the offense. *McQueen v. State*, 781 S.W.2d 600, 603 (Tex.Crim.App. 1989). The three conduct elements which may be involved in an offense are: (1) the nature of the conduct; (2) the result of the conduct; and (3) the circumstances surrounding the conduct. Tex. Pen.Code Ann. § 6.03 (Vernon 1994). An offense may apply any number of these conduct elements to a culpable mental state to form a criminalized behavior. *McQueen*, 781 S.W.2d at 603.

The Texas Court of Criminal Appeals has not yet characterized what conduct element applies to the offense of indecency with a child, but the Eighth Court of Appeals has. *See Caballero v. State*, 927 S.W.2d 128 (Tex.App.—El Paso 1996, pet. ref'd.); *See also Washington v. State*, 930 S.W.2d 695 (Tex.App.—El Paso, 1996, no pet.) The Eighth Court of Appeals followed *Alvarado v. State*, 704 S.W.2d 36, 39 (Tex.Crim.App.1985), looking to the penal code to determine what guidance the Legislature provided in the statute. *Id.* at 130. In its relevant part, the statute outlaws the engagement in sexual conduct

with a child younger than 17 years old who is not the spouse of the accused. Tex. Pen.Code Ann. § 21.11(a)(1) (Vernon Supp. 2000). Sexual conduct is "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." Tex. Pen.Code Ann. § 21.02(2) (Vernon Supp.2000).

■■■ We agree with the analysis of the Eighth Court of Appeals that:

> The language of the relevant statutes indicate an intent on the part of the legislature to proscribe specific conduct[,] ... engaging in sexual contact with a person younger than seventeen. The indecency offense includes the requirement of "intent to arouse or gratify the sexual desire ..." because legitimate, non-criminal, contact may occur between parents, nurses, doctors, or other care-givers and a child ... on the relevant body parts. The offense, however does not require that the arousal or gratification actually occur. The offense of indecency with a child is complete upon the contact accompanied by the requisite intent.

*Caballero*, 927 S.W.2d at 130–31. Accordingly, we conclude as our sister court did, that "indecency with a child is an offense requiring proof of the defendant's intent to engage in proscribed contact, rather than his or her intent to bring about any particular result." *Id.*

■■■ ■ With the determination that indecency with a child is a conduct offense, we now look to see if the trial court erred in its instruction to the jury about the mental state necessary to complete the crime. *See Cook v. State*, 884 S.W.2d 485, 490 (Tex.Crim.App.1994). It is erroneous for a trial court not to limit the definitions of the culpable mental states as they relate to the conduct elements involved in a particular offense. *Id.* at 491. Therefore, because of the inclusion of the mental states knowingly and intentionally, there is error in the trial court's submission. We will review the record to determine whether the

charge error harmed appellant. *Almanza v. State,* 686 S.W.2d 157, 174 (Tex.Crim. App.1985).

▉ Appellant did not object to the jury charge at trial. When an appellant alleges error in the jury charge but the record shows that he did not object at trial, the reviewing court must determine that the record supports a finding of egregious error. *Id.* at 171. Egregious error in a charging instrument is error so harmful that the record supports a finding that one was denied a fair and impartial trial. *Patrick v. State,* 906 S.W.2d 481, 492 (Tex. Crim.App.1995). For this court to find egregious error in the jury charge, the error must affect the very basis of the case, deprive the defendant of a valuable right, or vitally affect a defensive theory. *Hutch v. State,* 922 S.W.2d 166, 171 (Tex. Crim.App.1996).

▉ In conducting this analysis, we consider four factors: (1) the charge itself; (2) the probative evidence; (3) arguments of counsel; and (4) any other relevant information revealed by the record of the trial as a whole. *Id.* The only contested issue at trial was the children's credibility, not appellant's intent. The jury is entitled to judge the credibility of the witnesses and may choose to believe all, some, or none of the witness's testimony. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App. 1986). The victim testified that while alone with appellant, he touched her on her breast and told her to kiss him. This evidence is plainly sufficient to establish the requisite intent. Additionally, there was no evidence of circumstances that would have led the jury to find that appellant had not acted with the specific intent necessary to complete the crime. Appellant therefore has not demonstrated that the error in the jury charge caused him egregious harm.

We affirm the judgment of the trial court.