NUMBER 13-04-075-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

 

JOSE CAVAZOS,                                                                            Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

 

          On
appeal from the 404th District Court of Cameron County, Texas.

 

 

                                MEMORANDUM
OPINION

 

         Before
Chief Justice Valdez and Justices Hinojosa and Yañez

                            Memorandum
Opinion by Justice Yañez

 








On December 4, 2003, a jury convicted appellant,
Jose Cavazos, of one count of indecency with a child[1]
and two counts of assault.[2]  The trial court assessed his punishment at
six years= imprisonment in the Texas Department of Criminal
Justice BInstitutional Division and a $300 fine.  We affirm.

The trial court has certified that this case is not
a plea-bargain case and the defendant has the right of appeal.[3]  As this is a memorandum opinion not
designated for publication and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court=s decision and the basic reasons for it.[4]


By one issue[5]
appellant contends the trial court erred because it included in the jury charge
an incorrect culpable mental state regarding the indecency with a child
allegation.

In his sole issue, appellant argues that the
application paragraph improperly included the mental state
"knowingly," which authorized the jury to find appellant guilty on
less proof than required by section 21.11. 
As a result, appellant argues he suffered egregious harm because the
charge allowed the jury to convict him without considering whether he acted
with the specific intent required by section 21.11 of the penal code. 

An error in the jury charge is generally reviewed
under an abuse of discretion standard.[6]  Section 21.11 of the Texas Penal Code states,
in relevant part 

(a) A person commits an offense if, with a child
younger than 17 years and

     not the
person's spouse, whether the child is of the same or opposite sex, 

               
the person:

 

   (1)    engages
in sexual contact with the child or causes the child to

engage in sexual contact; 

 . . . . 

 

(c) In this section, "sexual contact"
means the following acts, if committed       
with the intent to arouse or gratify the sexual desire of any person:








 

   (1)    any touching by a person, including touching
through clothing, of the anus, breast, or any part of the genitals of a child;
or

 

   (2)    any touching of any part of the body of a
child, including touching through clothing, with the anus, breast, or any part
of the genitals of a person.[7]

 

The three conduct elements which may be involved in
an offense are: (1) the nature of the conduct; (2) the result of the conduct;
and (3) the circumstances surrounding the conduct.[8]  An offense may apply any number of these
conduct elements to a culpable mental state to form a criminalized behavior.[9]









Indecency with a child is a Anature of the conduct@
offense and requires proof of the accused's intent to engage in the proscribed
contact rather than an intent to bring about any particular result.[10]  Intent is a fact question for the trier of
fact and may be inferred from the acts, words, and conduct of the accused.[11]  The intent to arouse or gratify may be
inferred from conduct alone, and there is no requirement of an oral expression
of intent.[12]  The offense of indecency with a child is
complete upon the contact accompanied by the requisite intent.[13]


The indictment in this case alleged that 

 

[O]n or about the 3rd day of August, 2002 . . .
[appellant] did then and there, with the intent to arouse or gratify the sexual
desire of [appellant], . . . intentionally or knowingly engage in sexual
contact with [the victim] by touching the genitals of [the victim], a child
younger than 17 years and not the spouse of the defendant, with the [appellant=s] hand.       

 

The relevant portions of the jury charge stated

 

[LawBIndecency
With A Child]

Our law provides that a person commits an offense
if, with a child younger than seventeen (17) years and not his spouse, whether
the child is of the same or opposite sex, he touches the genitals of said
child, with intent to arouse or gratify the sexual desire of the defendant.

 

[Definition of Requisite Intent]

A person acts intentionally, or with intent, with
respect to the nature of his conduct when it is his conscious objective or
desire to engage in the conduct.

. . . .

 

[Application]   

Now, if you find from the evidence beyond a
reasonable doubt that on or about August 3, 2002, in Cameron County, Texas, the
defendant, Jose Cavazos, did then and there with the intent to arouse or
gratify the sexual desire of said defendant, intentionally or knowingly engage
in sexual contact . . . by touching the genitals of [the child] . . younger
than seventeen years and not the spouse of the defendant, with the defendant=s hand, then you will find the defendant guilty. 

. . . .

 

[Instruction on Lesser-Included Offense of Assault]

Unless you so find from the evidence beyond a
reasonable doubt, or if you have a reasonable doubt thereof, you will acquit
the defendant and say by your verdict ANot Guilty@ and next consider whether he is guilty of the
lesser included offense of Assault.

 

[LawBAssault]








Our law provides that a person commits the offense
of Assault, if a person intentionally or knowingly causes physical contact with
another when the person knows or should reasonably believe that the other will
regard the contact as offensive or provocative.

 

We note that the application paragraph disjunctively
listed the culpable mental states of Aknowingly@ and Aintentionally@ with the specific intent necessary to complete the
crime.[14]  As a result, the jury could have convicted
appellant without proper consideration of whether he acted with proper mens rea
required by section 21.11.[15]  As a result, we conclude the court=s charge to the jury is erroneous.[16]  We will therefore review the record to
determine whether the  charge error
harmed appellant.[17]  However, because appellant did not object to
the charge, we will reverse only if the error is so egregious and created such
harm that appellant did not have a fair and impartial trial.[18]









Egregious harm is a difficult standard to prove, and
such a determination must be done on a case‑by‑case basis.[19]  Egregious error affects the very basis of the
case, deprives the defendant of a valuable right, or vitally affects a
defensive theory.[20]  To determine if appellant suffered egregious
harm, we consider (1) the entire charge; (2) the state of the evidence,
including contested issues; (3) arguments of counsel; and (4) any other
relevant information.[21]  

We note that the charge included an instruction that
if the jury had a reasonable doubt as to the indecency allegation, it was
required to render a Anot guilty verdict.@
Although the application paragraph of the indecency allegation improperly
included Aknowingly@ in the disjunctive, the definitions section did not
define Aknowingly.@  It provided
the appropriate definition of the requisite intent required by section 21.11.[22]  The charge also instructed the jury on the
lesser-included offense of assault.         


A substantial amount of evidence regarding appellant=s intent, which was contested,  was presented to the jury.  The victim testified that appellant
confronted him in his bedroom as he played video games.  According to the victim, appellant placed his
hand inside the victim=s pants and touched his penis and testicles.  The victim=s
uncle also testified that as he walked through a hallway adjacent to the victim=s bedroom, he noticed that appellant and the victim
were engaged in a Astruggle@ inside the bedroom. 
He further testified that after the struggle, the victim ran out of the
bedroom and went to stand by his father. 
The victim=s mother testified that shortly after the incident,
the victim told her what had occurred, and she then notified police regarding
the incident.  Detective David Martinez
subsequently obtained a statement from appellant which was introduced into
evidence at trial and states, in relevant part, AI
reached down and slipped my hand underneath his pants and grabbed his eggs and
told him >you have them big.= [The
victim] . . . [then told] me to leave [him] alone. . . .  [Maybe] I got out of hand. . . .@  








During closing arguments, the State argued that
appellant had touched the victim intentionally and characterized appellant as a
pedophile.  In contrast, appellant=s trial counsel argued that the State had not proved
that appellant, either intentionally or knowingly, committed indecency with a
child as alleged in the indictment.

In light of the substantial evidence presented by
the State regarding appellant=s intent, and in consideration of the State=s argument that appellant specifically intended to
commit the offense of indecency with a child, and after our review of the
entire charge, under the facts and circumstances presented in this case, we
cannot conclude that the error in the jury charge caused appellant egregious
harm.[23]  We therefore overrule appellant's sole issue
on appeal.

The judgment of the trial court is affirmed.                                                                                                 

 

_______________________

LINDA REYNA YAÑEZ,

Justice

 

Do not publish.                                              

Tex.R.App.P. 47.2(b)

Memorandum Opinion delivered and 

filed this the 22nd day of August, 2005.

 











[1] 
See Tex. Pen.
Code Ann. ' 21.11(a)(1) (Vernon 2003).





[2] 
See id. ' 22.01 (Vernon Supp. 2004-05).





[3] 
See Tex. R. App. P. 25.2(a)(2).   





[4] 
See Tex. R. App. P. 47.4.





[5] 
On appeal, appellant challenges only his conviction for indecency with a
child.





[6] 
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).





[7] 
See Tex. Pen. Code Ann. ' 21.11 (Vernon 2003). 





[8] 
See Rodriguez v. State, 24 S.W.3d 499, 502 (Tex. App.BCorpus Christi, pet. ref=d) (citing Tex. Pen. Code Ann. ' 6.03 (Vernon 1994)). 






[9] 
See McQueen v. State, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989).





[10] 
See Tex. Pen. Code Ann. ' 21.11 (Vernon 2003); Rodriguez,
24 S.W.3d at 502.  





[11] 
See Manrique v. State, 994 S.W.2d 640, 649 (Tex. Crim. App.1999);
Hernandez v. State, 819 S.W.2d 806, 810 (Tex. Crim. App.1991); Wallace
v. State, 52 S.W.3d 231, 234 (Tex. App.BEl Paso 2001, no pet.). 






[12] 
See McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App.1981);
Lozano v. State, 958 S.W.2d 925, 930 (Tex. App.BEl Paso 1997, no pet.); Tyler v.
State, 950 S.W.2d 787, 789 (Tex. App.BFort Worth 1997, no writ).





[13] 
See Rodriguez, 24 S.W.3d at 502 (citing Caballero v. State,
927 S.W.2d 128, 130-31 (Tex. App.BEl Paso 1996, pet. ref'd)).





[14] 
See Rodriguez, 24 S.W.3d at 502. 






[15] 
See id.  





[16] 
See id.





[17] 
See Almanza v. State, 686 S.W.2d 157, 174 (Tex. Crim. App.
1985).  





[18] 
See Ortiz v. State, 93 S.W.3d 79, 91 (Tex. Crim. App. 2002); Almanza v. State, 686
S.W.2d 157, 172 (Tex. Crim. App.1985).





[19] 
See Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App.1996).   





[20] 
See id.  





[21] 
See id.





[22] 
See Tex. Pen. Code Ann. ' 21.11 (Vernon 2003). 





[23] 
See Rodriguez, 24 S.W.3d at 502‑03; Sharp v.
State, 707 S.W.2d 611, 614 (Tex. Crim. App. 
1986) (stating that the jury is entitled to judge the credibility of the
witnesses and may choose to believe all, some, or none of the witness's
testimony); see also Manrique, 994 S.W.2d at 649; Hernandez, 819
S.W.2d at 810; Wallace, 52 S.W.3d at 234.