COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-096-CR

CHARLES NICK CHIODO, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Charles Nick Chiodo, Jr., appeals his convictions for indecency with a child and sexual assault.
(footnote: 2)  We affirm.

BACKGROUND

Appellant, the complainant’s father, pled not guilty to charges of indecency with a child and sexual assault.  The jury found him guilty and assessed eight years’ confinement for the indecency charge and fifteen years’ confinement for the sexual assault charge.  The trial court accepted the verdict and sentenced Appellant accordingly.  We will discuss the facts of this case with regard to each issue.

JURY CHARGE

In three subissues under his first issue, Appellant complains that his constitutional rights were violated.  He made none of these objections at trial.
(footnote: 3)  
Standard Of Review

Appellate review of error in a jury charge involves a two-step process.  
Abdnor v. State
, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error occurred.  If so, we must then evaluate whether sufficient harm resulted from the error to require reversal.  
Id
. at 731-32.  If there is error in the court’s charge, but the appellant did not object to it at trial, we must decide whether the error was so egregious and created such harm that appellant did not have a fair and impartial trial—in short, that “egregious harm” has occurred.  
Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g); 
see
 
Tex. Code Crim. Proc. Ann
. art. 36.19 (Vernon 1981); 
Hutch v. State
, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996).  The court of criminal appeals has held that for claims of unobjected-to constitutional charge error, the appropriate standard is the standard provided by 
Almanza
 and article 36.19.  
See Ex parte Smith
, 185 S.W.3d 455, 467 & n.38 (Tex. Crim. App. 2006), 
cert. granted
, 75 U.S.L.W. 3188 (U.S. Oct. 6, 2006) (No. 05-11304); 
Jimenez v. State
, 32 S.W.3d 233, 237-38 (Tex. Crim. App. 2000).

In making the egregious harm determination, “the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.”  
Almanza
, 686 S.W.2d at 171; 
see generally Hutch
, 922 S.W.2d at 172-74.  The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused.  
Almanza
, 686 S.W.2d at 174.  Egregious harm is a difficult standard to prove and must be determined on a case-by-case basis.  
Ellison v. State
, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002); 
Hutch
, 922 S.W.2d at 171.

Reasonable Doubt Instructions

In his first and second subissues, Appellant claims that his constitutional due process rights were violated by the jury charge language, which he claims was “inaccurate and contradictorily define[d] the term ‘beyond a reasonable doubt,’” thereby lowering the State’s burden of proof, and that the jury charge inappropriately defined “beyond a reasonable doubt.”  He complains of the following language included in the trial court’s jury charge: 

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.  

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution’s proof excludes all “reasonable doubt” concerning the defendant’s guilt.

These two paragraphs are also known respectively as “paragraph 2” and “paragraph 3” of the 
Geesa
 instructions. 
 
See Geesa v. State
, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991), 
overruled in part by Paulson v. State
, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000).

Appellant contends that the combined result of paragraphs 2 and 3 is that “[a] reasonable juror . . . could have a reasonable doubt concerning a particular element of the case and not have a reasonable doubt concerning the defendant’s guilt.”  We disagree.  The combination of these paragraphs neither defines the term “beyond a reasonable doubt” nor creates Appellant’s asserted “logical fallacy and semantic inconsistency.”  Paragraph 2 merely sets forth the State’s burden.  
See
 
Tex. Code Crim. Proc. Ann
. art. 38.03 (Vernon Supp. 2006) (stating that “no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt”).  It explains the State’s burden as a reiteration of the same instruction, immediately preceding the two contested paragraphs, which states:

All persons are presumed to be innocent and 
no person may be convicted of any offense unless each element of the offense is proved beyond a reasonable doubt
.  The fact that a person has been arrested, confined, or indicted for, or otherwise charged with, the offense, gives rise to no inference of guilt at his trial.  The law does not require a defendant to prove his innocence or produce any evidence at all.  The presumption of innocence alone is sufficient to acquit the defendant.

[Emphasis added.] As stated in the instructions, for the State’s proof to support each element of the offense beyond a reasonable doubt, it would necessarily have to exclude all reasonable doubt as to Appellant’s guilt as defined by the elements of the offense.

Paulson
 did not entirely overrule 
Geesa
.  
See Woods v. State
, 152 S.W.3d 105, 115 (Tex. Crim. App. 2004) (stating that, in 
Paulson
, the court specifically criticized 
Geesa
 paragraphs 4 and 5 as attempting to define reasonable doubt), 
cert. denied
, 544 U.S. 1050 (2005); 
see also Paulson
, 28 S.W.3d at 573 (stating, “We specifically overrule that portion of 
Geesa
 which requires trial courts to instruct juries on the definition of ‘beyond a reasonable doubt.’”).  While 
Geesa
 paragraphs 4 and 5 attempt to define “reasonable doubt,”
(footnote: 4) the instruction in the instant case did not contain these paragraphs and 
Geesa
 paragraphs 2 and 3 do not set forth any definition of “reasonable doubt.”  
See Geesa
, 820 S.W.2d at 162.

As Appellant acknowledges, we have previously found the inclusion of paragraph 3 proper.  
See, e.g., Frank v. State
, 183 S.W.3d 63, 79 (Tex. App.—Fort Worth 2005, pet. ref’d) (stating that we have previously addressed paragraph 3’s inclusion and found it to be proper); 
Best v. State
, 118 S.W.3d 857, 865 (Tex. App.—Fort Worth 2003, no pet.) (holding paragraph 3’s inclusion not reversible error); 
see also Woods
, 152 S.W.3d at 115 (stating that the trial court’s inclusion of paragraph 3 was not an abuse of discretion).  We decline Appellant’s invitation to reconsider these opinions.  While the better practice is to give no definition of reasonable doubt at all to the jury, a trial court does not abuse its discretion when, as here, it includes paragraph 3 of the 
Geesa
 instruction in the jury charge at guilt-innocence.  
See Woods
, 152 S.W.3d at 115; 
Frank
, 183 S.W.3d at 79.  Likewise, because paragraph 2 has not been expressly criticized or specifically overruled, and because, contrary to Appellant’s interpretation, it neither defined “reasonable doubt” on its own or in combination with paragraph 3, nor created a logical inconsistency when combined with paragraph 3, we conclude that the trial court did not abuse its discretion by including this instruction within the jury charge.  
See Woods, 
152 S.W.3d at 115
.  Because the inclusion of paragraphs 2 and 3 did not constitute error, the first step in our charge-error analysis ends the inquiry, and we overrule Appellant’s first and second subissues under his first issue.  
See Abdnor
, 871 S.W.2d at 731.

Application Paragraph

In his third subissue, Appellant complains that the jury charge was in error in the application portion of the indecency charge because it disjunctively listed the culpable mental states of “knowingly” and “intentionally” with the specific intent necessary to complete the crime, so that the jury could have convicted Appellant without proper consideration of whether he acted with the proper mens rea required by section 21.11.

The elements of indecency with a child are that the accused (1) engaged in “sexual contact,” (2) with a child, (3) younger than seventeen years of age, (4) who was not the spouse of the accused.  
See
 
Tex. Penal Code Ann
. § 21.11(a)(1).  “Sexual contact” means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.  
Id
. 
§ 21.11(c).

The indictment alleged that Appellant “with intent to arouse or gratify [his] sexual desire . . . intentionally or knowingly engage[d] in sexual contact with [A.C.], by touching the breast and genitals of [A.C.], a child younger than 17 years of age and not the spouse of [Appellant].”  The jury charge contained the following indecency application paragraph: 

Now if you find from the evidence beyond a reasonable doubt that on or about the 1st day of August, 2003 in Denton County, Texas, [Appellant] did then and there, with the intent to arouse or gratify the sexual desire of said [Appellant], intentionally or knowingly engage in sexual contact with [A.C.], by touching the breast of [A.C.], a child younger than 17 years of age and not the spouse of [Appellant], then you will find [Appellant] guilty of Indecency with a Child, as charged in Count I of the indictment.

The jury charge also provided definitions of “knowingly” and “intentionally.” Because the application paragraph disjunctively listed the culpable mental states of knowingly and intentionally with the specific intent necessary to complete the crime, the jury could have convicted Appellant without consideration of whether he acted with the proper mens rea required by statute, constituting charge error.  
See Rodriguez v. State
, 24 S.W.3d 499, 502 (Tex. App.—Corpus Christi 2000, pet. ref’d).  Therefore, we will review the record to determine whether this error could have caused egregious harm to Appellant, considering the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole.  
See Abnor
, 871 S.W.2d at 731-32; 
Almanza
, 686 S.W.2d at 171.

Within the context of the entire jury charge, the disjunctive application paragraph appears less harmful.  The charge accurately stated the substantive law of the offense at issue,
(footnote: 5) and, as discussed above, explained what the State had and did not have to prove.  The charge addressed how to treat any extraneous offense testimony and reminded the jury of the presumption of innocence, that the indictment did not constitute evidence of guilt, and that the jury was the exclusive judge of the facts proved, the credibility of the witnesses, and the weight to be given to the testimony.

With regard to the state of the evidence, particularly the contested issues, 

to prove indecency required proof of Appellant’s specific intent to arouse or gratify his sexual desire through touching A.C.’s breast when A.C. was younger than seventeen and not his spouse.  
See
 
Tex. Penal Code Ann. 
§ 21.11. However, the specific intent to arouse or gratify the sexual desire element can be inferred from the defendant’s conduct, his remarks, and all surrounding circumstances.  
See McKenzie v. State
, 617 S.W.2d 211, 216 (Tex. Crim. App.  1981); 
Couchman v. State
, 3 S.W.3d 155, 163 (Tex. App.—Fort Worth 1999, pet. ref’d).  Therefore, the only truly contested issue with regard to this offense was witness credibility.

The jury is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony; reconciliation of conflicts in the evidence is within the jury’s exclusive province, and it may choose to believe some testimony and disbelieve other testimony.  
See 
Tex. Code Crim. Proc. Ann. 
art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Both A.C., the complainant, and Appellant testified at trial.

A.C. testified that she went to Texas to visit Appellant when she was around twelve years old and stayed with him and his wife for over three years. She testified that while she lived with Appellant, he touched her breasts,
(footnote: 6) in addition to putting his mouth on her vagina, penetrating her vagina with his penis, putting his penis in her mouth and in her anus, using vibrators and dildos on her, and smoking marijuana with her.  She testified that she attempted suicide at around age fifteen.

A.C.’s mother testified that a month after she brought A.C. back to Virginia after the suicide attempt, A.C. told her about her relationship with Appellant; her mother called the police and arranged for A.C. to be examined. Paula Fornara, a sexual assault nurse examiner, testified about her expertise and explained the sexual assault exam process; she testified with reference to the records of A.C.’s examination by the sexual assault nurse examiner in Virginia. Fornara testified that she had reviewed the pictures taken in A.C.’s genital exam and noted trauma to A.C.’s female sexual organ that was consistent with “a very sexually active person.”

Appellant denied everything, calling A.C.’s allegations “absurd” and “revolting.”  Appellant’s mother, A.C.’s grandmother, testified that A.C. was untruthful.  His wife gave similar testimony about A.C.’s untruthfulness and testified that A.C. was rarely alone with Appellant, that she never saw Appellant and A.C. smoke marijuana, although she did occasionally smell marijuana on A.C, and that she never went to bed without Appellant.  Appellant’s wife amended her last answer the next day, stating that right before A.C. left, she and Appellant slept in separate bedrooms for several weeks because of “turmoil” caused by A.C., and that, during that time, A.C. would crawl into bed with Appellant while he was asleep.  Appellant gave similar testimony.  From A.C.’s testimony, the jury could have found that Appellant had the requisite specific intent to arouse or gratify his sexual desire.

In closing arguments, the State argued that the jury could determine Appellant’s specific intent with regard to the indecency charge by considering A.C.’s testimony that “the sex kept escalating” and that A.C. was not lying and had no reason to lie.  Appellant’s counsel argued that A.C. was lying and that Appellant and his wife were telling the truth, stating, “He’s a dad who’s being framed by a little girl who’s not known to tell the truth.”  On rebuttal, the State countered that Appellant and his wife were lying.  The essence of both arguments was witness credibility.

“Egregious” harm is present when the case for conviction was actually made clearly and significantly more persuasive by the error.  
See Saunders v. State
, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991).  We conclude that the complained-of instruction did not cause egregious harm here because the case itself hinged on witness credibility, the jury had the proper instruction on the substantive law before it, and there was ample evidence upon which the jury, if it chose to believe A.C., could have found that Appellant had the requisite specific intent, to arouse or gratify his sexual desire, necessary to convict him of indecency with a child.  Therefore, though the instruction was error, it did not cause the egregious harm that would require reversal.  
See Abdnor
, 871 S.W.2d at 731-32; 
Almanza
, 686 S.W.2d at 171; 
see also Rodriguez
, 24 S.W.3d at 503 (reaching the same result on similar facts).  We overrule Appellant’s final subissue under his first issue.

TESTIMONY

In his second issue, Appellant complains that the trial court erred by allowing Fornara to testify with regard to A.C.’s truthfulness and Appellant’s guilt, in violation of Appellant’s federal and state constitutional rights.

Preservation Of Error

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P
. 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P. 
33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).  “Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only, . . . all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a).”  
Mendez
, 138 S.W.3d at 342.  The complaint made on appeal must comport with the complaint made in the trial court or the error is forfeited.  
Heidelberg v. State
, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004)
; 
Bell v. State
, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996),
 cert. denied
, 522 U.S. 827 (1997); 
Rezac v. State
, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).  At trial, the only objection made by Appellant’s trial counsel with regard to Fornara’s testimony now at issue was, “Objection, leading.”

Fornara was permitted to remain for A.C.’s trial testimony before Fornara testified.  Appellant’s counsel asked Fornara if she had heard all of A.C.’s testimony and had “an opinion as to what you think of [A.C.]?”  Fornara replied, “I don’t make opinions about people based on their history.”  Appellant’s counsel persisted, asking, “You don’t have an opinion based on the testimony?” and “Do you have an opinion of her?”  Fornara answered, “I have an opinion of what happened to her.”

Appellant’s counsel passed the witness, and the State followed up with, “Based on [A.C.’s] testimony, what is your opinion of what happened to her?” Fornara replied, “I believe that she’s been multiple times sexually assaulted.” The State continued, “By her father, [Appellant]?”  Appellant’s counsel stated, “Objection, leading.”  The trial court overruled the objection.  The State rephrased its question as, “By whom, based on the history?”  Fornara replied, “Her father.”  Appellant’s complaint on appeal does not comport with his counsel’s trial objection, nor did Appellant’s counsel object at all to the State’s follow-up question.  
See Heidelberg
, 144 S.W.3d at 537.  Therefore, Appellant’s second issue is forfeited.  We overrule Appellant’s second issue.

CONCLUSION

Having overruled both of Appellant’s issues, we affirm the judgment of the trial court.

DIXON W. HOLMAN

JUSTICE

PANEL A:  CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  July 5, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Tex. Penal Code Ann.
 § 21.11(a)(1) (Vernon 2003 & Supp. 2006) (indecency with a child); 
id
. § 22.011(a)(2)(C) (sexual assault).

3:
Appellant did object to the extraneous offense instruction and to the statutory time frame with regard to the date alleged in the indictment.  Appellant’s defense counsel objected that the extraneous offense instruction was a run-on sentence and confusing.  She objected that the ten-year leeway for the “on or about” commission date of the offense was “far too much.”  The State pointed out that the extraneous offense charge was “straight out of McClung’s” and article 38.37 of the code of criminal procedure and that the limitations period for these charges was ten years.  
See
 
Tex. Code Crim. Proc. Ann. 
art. 12.01(2)(E), (5) (Vernon Supp. 2006).  The trial court overruled both of Appellant’s jury charge objections.

4:
Geesa
 paragraph 4 states, “A ‘reasonable doubt’ is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case.  It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs.”  
Geesa
, 820 S.W.2d at 162.  
Geesa
 paragraph 5 states, “Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.”  
Id
.

5:
The charge stated the substantive law as,

Our law provides that a person commits Indecency with a Child if, with a child younger than 17 years old and not his spouse, whether the child is the same or opposite sex, he engages in sexual contact with the child.  By the term ‘sexual conduct,’ as used herein, it is meant any touching of any part of the breast of another person with intent to arouse or gratify the sexual desire of any person.

6:
A.C. testified that he touched her breasts more than once.  She testified that the second time it happened and she asked him what he was doing, he answered, “I was just trying to see if you were like your mother, but I’m glad you’re not.”