Opinion filed June 21,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00185-CR

                                                    __________

 

                   ANTONIO
CAMPOS SALGADO A/K/A ANTONIO

                                CAMPOS-ARRELLANO,
Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 54th District Court

                                                        McLennan
County, Texas

                                                Trial
Court Cause No. 2008-874-C2

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
grand jury indicted Antonio Campos Salgado a/k/a Antonio Campos-Arrellano for six
counts of separate sexual offenses.  At the close of the State’s case-in-chief,
it abandoned three of those counts.  Appellant pleaded not guilty to the
remaining three counts: one count of aggravated sexual assault of a child and
two counts of indecency with a child.  The jury found Appellant not guilty of
aggravated sexual assault of a child, but it found him guilty of two counts of
indecency with a child and assessed his punishment at fifteen years in the
Institutional Division of the Texas Department of Criminal Justice in both
counts.  We modify and affirm.

            R.C.,
the complainant in this case, was born on November 18, 1993; Appellant is her
father.  She lived in Waco with her mother, Appellant, and six of her seven
siblings.  Margarita, one of R.C.’s sisters, did not live with them.  Margarita
had accused Appellant of sexually abusing her, and her mother asked her to
move.

When R.C. was about eleven years of age, Appellant began touching
her breasts.  At first, Appellant touched R.C.’s breasts over her clothing.  Later,
Appellant began to touch R.C.’s breasts under her clothing.  According to R.C.,
Appellant touched her breasts several times a week for several years.

            Margarita
Campos testified at trial that, when she was approximately seven
years old, the family lived in Mexico.  Often at night, Appellant took off her
clothes and rubbed his penis on her vagina.  Appellant also tried to place his
penis inside of her vagina, but it “never went in.”   When the family moved to
Texas, Appellant grabbed her breasts “like he was playing.”    Margarita knew that
Appellant was not playing, and she told him to stop; he did not.

In his first issue, Appellant contends that the evidence is insufficient
to support the jury’s finding of guilt as to Count II of the indictment.  Count
II is the count in which the State alleged that Appellant touched R.C.’s breast
on or about July 22, 2005.

In a sufficiency of the evidence review, we view all of the evidence in a
light most favorable to the verdict and determine whether any rational finder
of fact could have found the existence of the elements of the offense beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319 (1979); Brooks
v. State, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).  If so, the evidence
is sufficient.

            Appellant
argues that there were many acts of penetration and also many instances of
“breast touching” alleged.  At the close of the State’s case-in-chief,
Appellant asked the State to elect those instances upon which it would be
relying for conviction.  As to Counts I and II, the State told the trial court
that “1 and 2 are alleged to have occurred on the same date, and that will be
the instance that the victim described having happened in the bedroom where
full penetration occurred.”

            The
State alleged that the offenses in Count I and Count II of the indictment
occurred “on or about” July 22, 2005.  When the grand jury returns an
indictment with “on or about” language in it, a defendant is put on notice that
the offense occurred at any time within the applicable period of limitations.  Thomas
v. State, 753 S.W.2d 688, 693 (Tex. Crim. App. 1988).  Ordinarily, in
aggravated-sexual-assault-of-a-child cases, time is not a material element
because the primary purpose of specifying a date in an indictment is to show
that prosecution is not barred by a statute of limitations; however, under
current law, aggravated sexual assault of a child has no period of
limitations.  Smith v. State, 340 S.W.3d 41, 48 (Tex. App.—Houston [1st
Dist.] 2011, no pet.).

            Appellant
argues that, when the State elected the offenses upon which it would rely, the
State told the trial court that the offense in Count II occurred in the bedroom
but that the State did not prove that.  The State was not obliged to prove that
the offense was committed exactly on the date of July 22, 2005, or that it
occurred in the bedroom.  What the State was obligated to prove was that
Appellant, with the intent to arouse or gratify his sexual desire, engaged in
sexual contact with R.C. by touching her breast.  R.C. testified to the
existence of all the elements that the State had to prove, and the jury was
entitled to believe her.  See Limuel v. State, 568 S.W.2d 309, 311 (Tex.
Crim. App. 1978) (jury may accept or reject any or all testimony of any
witness); McDonald v. State, 148 S.W.3d 598, 600 (Tex. App.—Houston [14th
Dist.] 2004), aff’d, 179 S.W.3d 571 (Tex. Crim. App. 2005). 
Furthermore, the testimony of R.C. alone was sufficient to support the
verdict.  Proctor v. State, 356 S.W.3d 681, 685 (Tex. App.—Eastland 2011,
pet. ref’d) (testimony of a child victim alone is sufficient to support
conviction for indecency with a child).  Because the evidence is sufficient to
support the verdict of the jury as to Count II, Appellant’s first issue is
overruled.

            In
his second issue, Appellant argues that the trial court erred in its jury
charge when it placed the mental states of “intentionally” and “knowingly” in
the application paragraphs for the offenses of indecency with a child in Counts
II and VI.  Under the charge that the trial court submitted, a jury could find
Appellant guilty if it found that he, “with the intent to arouse or gratify the
sexual desire of [Appellant], intentionally or knowingly [engaged] in sexual
contact with [R.C.].”

            Indecency
with a child by sexual contact is a “nature of conduct” offense, meaning that
the state must prove that a defendant acted with the specific intent to arouse
or gratify sexual desire.  Washington v. State, 930 S.W.2d 695, 699–700 (Tex.
App.—El Paso 1996, no pet.).  In Rodriguez v. State, 24 S.W.3d 499 (Tex.
App.—Corpus Christi 2000, pet. ref’d), the grand jury charged the defendant with
indecency with a child by contact.  In the application paragraph, the trial
court charged the jury that it was to find the defendant guilty if it found that
the defendant acted “with intent to arouse or gratify the sexual desire of
[the] defendant, intentionally or knowingly[.]”  24 S.W.3d at 502 (second
alteration in original).  The court of appeals found that the trial court erred
in so instructing the jury because, under the charge, the jury could find the
defendant guilty without finding that he had the specific intent to arouse or
gratify his sexual desire.  Id. at 502.

            Here,
the State bore the burden to prove that Appellant had the specific intent to
arouse or gratify his sexual desire.  The addition of the general mental states
of intentionally and knowingly was incorrect.  Although we do not find that
this inclusion lowered the State’s burden of proof, the inclusion of this
language did have the potential to confuse the jury.  Given this potential for
confusion and given the fact that the State had the burden to prove the
specific intent, the trial court erred when it included the mental states of
intentionally and knowingly in the application paragraphs as to Counts II and VI.

            Because
Appellant did not object to the charge on the basis of the erroneous inclusion of
the mental states of intentionally and knowingly, we will reverse only if we
find that Appellant has suffered “egregious harm.”  Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1985).  The actual degree of harm must be assessed “in light of the entire jury charge, the state of the evidence,
including the contested issues and weight of probative evidence, the argument
of counsel and any other relevant information revealed by the record of the
trial as a whole.”  Id.

In this case, Appellant’s defense rested entirely upon the
idea that R.C. fabricated the allegations in rebellion against the discipline
imposed against her in the home.  He maintained that none of the crimes
happened.  There was ample evidence to prove each element of the offenses in Counts
II and VI.  As we have said, R.C.’s testimony alone is enough.  Proctor,
356 S.W.3d at 685.  When we add to that the number of incidents of contact and the
testimony of R.C.’s older sister concerning the numerous times that Appellant
abused her, we cannot say that the charge error resulted in egregious harm to
Appellant.  See Chiodo v. State, No. 02-06-00096-CR, 2007 WL
1952375 (Tex. App.—Fort Worth July 5, 2007, pet. ref’d) (mem. op., not designated
for publication) (erroneous charge on mental state did not result in egregious
harm); Rodriguez, 24 S.W.3d at 503 (no egregious harm from erroneous
charge).  Appellant’s second issue is overruled.




 

            In
his third issue, Appellant argues that the trial court erred by assessing
$7,966.25 in court-appointed attorney’s fees and $2,487.50 in court-appointed
interpreter’s fees as court costs against him.  Appellant challenges the
sufficiency of the evidence to support the trial court’s order requiring him to
pay such fees as court costs.  In his fourth issue, Appellant contends that the
trial court erred by entering two separate orders requiring that funds be
withdrawn from his inmate trust account for payment of the court costs.  Based
on the state of the evidence in the record, the State has rightly conceded
error on Appellant’s third and fourth issues.  See Mayer v. State, 309
S.W.3d 552 (Tex. Crim. App. 2010).  Therefore, Appellant’s third and fourth
issues are sustained, and the trial court’s judgments are modified as set forth
below.[1]       

            In
its judgment in Count II, the trial court assessed court costs against
Appellant in the total amount of $11,136.75.  In the “Court Costs” section of
the judgment in Count VI, the trial court stated, “See Count II.”  The record
shows that the assessed court costs of $11,136.75 included $7,966.25 in court-appointed
attorney’s fees and $2,487.50 in interpreter’s fees.  In this case, the amounts
for court-appointed attorney’s fees and interpreter’s fees should not have been
assessed as court costs.  Therefore, the judgment in Count II is modified to
delete the amount of “$11,136.75” as court costs and to read as follows: “Court
Costs: $683.00.”  The Order to Withdraw Funds in Count II is modified to
change the amount of $11,136.75 to $683.00.  The Order to Withdraw Funds in
Count VI is hereby set aside.  Because we have modified the judgment in Count
II to reflect court costs of $683.00 and because the trial court stated, “See
Count II” in the “Court Costs” section of the judgment in Count VI, the judgment
in Count VI is necessarily modified to the same extent as the judgment in Count
II.  As modified, the judgments of the trial court are affirmed.

 

ERIC KALENAK

June 21, 2012                                                                          JUSTICE

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









[1]On June 14, 2012, we issued our opinion in Cates v.
State, 11-10-00187-CR (Tex. App.—Eastland June 14, 2012, no pet. h.).  Cates
is procedurally and factually distinguishable from this case.  In Cates,
the State did not concede error on the issue of whether the trial court had
erred by ordering the appellant to pay court-appointed attorney’s fees.