**Opinion filed June 21, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00185-CR

_____

## ANTONIO CAMPOS SALGADO A/K/A ANTONIO CAMPOS-ARELLANO, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 54th District Court**
**McLennan County, Texas**
**Trial Court Cause No. 2008-874-C2**

## M E M O R A N D U M   O P I N I O N

The grand jury indicted Antonio Campos Salgado a/k/a Antonio Campos-Arellano for six counts of separate sexual offenses. At the close of the State's case-in-chief, it abandoned three of those counts. Appellant pleaded not guilty to the remaining three counts: one count of aggravated sexual assault of a child and two counts of indecency with a child. The jury found Appellant not guilty of aggravated sexual assault of a child, but it found him guilty of two counts of indecency with a child and assessed his punishment at fifteen years in the Institutional Division of the Texas Department of Criminal Justice in both counts. We modify and affirm.

R.C., the complainant in this case, was born on November 18, 1993; Appellant is her father. She lived in Waco with her mother, Appellant, and six of her seven siblings. Margarita,

one of R.C.'s sisters, did not live with them. Margarita had accused Appellant of sexually abusing her, and her mother asked her to move.

When R.C. was about eleven years of age, Appellant began touching her breasts. At first, Appellant touched R.C.'s breasts over her clothing. Later, Appellant began to touch R.C.'s breasts under her clothing. According to R.C., Appellant touched her breasts several times a week for several years.

Margarita Campos testified at trial that, when she was approximately seven years old, the family lived in Mexico. Often at night, Appellant took off her clothes and rubbed his penis on her vagina. Appellant also tried to place his penis inside of her vagina, but it "never went in." When the family moved to Texas, Appellant grabbed her breasts "like he was playing." Margarita knew that Appellant was not playing, and she told him to stop; he did not.

In his first issue, Appellant contends that the evidence is insufficient to support the jury's finding of guilt as to Count II of the indictment. Count II is the count in which the State alleged that Appellant touched R.C.'s breast on or about July 22, 2005.

In a sufficiency of the evidence review, we view all of the evidence in a light most favorable to the verdict and determine whether any rational finder of fact could have found the existence of the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). If so, the evidence is sufficient.

Appellant argues that there were many acts of penetration and also many instances of "breast touching" alleged. At the close of the State's case-in-chief, Appellant asked the State to elect those instances upon which it would be relying for conviction. As to Counts I and II, the State told the trial court that "1 and 2 are alleged to have occurred on the same date, and that will be the instance that the victim described having happened in the bedroom where full penetration occurred."

The State alleged that the offenses in Count I and Count II of the indictment occurred "on or about" July 22, 2005. When the grand jury returns an indictment with "on or about" language in it, a defendant is put on notice that the offense occurred at any time within the applicable period of limitations. *Thomas v. State*, 753 S.W.2d 688, 693 (Tex. Crim. App. 1988). Ordinarily, in aggravated-sexual-assault-of-a-child cases, time is not a material element because

2

the primary purpose of specifying a date in an indictment is to show that prosecution is not barred by a statute of limitations; however, under current law, aggravated sexual assault of a child has no period of limitations. *Smith v. State*, 340 S.W.3d 41, 48 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Appellant argues that, when the State elected the offenses upon which it would rely, the State told the trial court that the offense in Count II occurred in the bedroom but that the State did not prove that. The State was not obliged to prove that the offense was committed exactly on the date of July 22, 2005, or that it occurred in the bedroom. What the State was obligated to prove was that Appellant, with the intent to arouse or gratify his sexual desire, engaged in sexual contact with R.C. by touching her breast. R.C. testified to the existence of all the elements that the State had to prove, and the jury was entitled to believe her. *See Limuel v. State*, 568 S.W.2d 309, 311 (Tex. Crim. App. 1978) (jury may accept or reject any or all testimony of any witness); *McDonald v. State*, 148 S.W.3d 598, 600 (Tex. App.—Houston [14th Dist.] 2004), *aff'd*, 179 S.W.3d 571 (Tex. Crim. App. 2005). Furthermore, the testimony of R.C. alone was sufficient to support the verdict. *Proctor v. State*, 356 S.W.3d 681, 685 (Tex. App.—Eastland 2011, pet. ref'd) (testimony of a child victim alone is sufficient to support conviction for indecency with a child). Because the evidence is sufficient to support the verdict of the jury as to Count II, Appellant's first issue is overruled.

In his second issue, Appellant argues that the trial court erred in its jury charge when it placed the mental states of "intentionally" and "knowingly" in the application paragraphs for the offenses of indecency with a child in Counts II and VI. Under the charge that the trial court submitted, a jury could find Appellant guilty if it found that he, "with the intent to arouse or gratify the sexual desire of [Appellant], intentionally or knowingly [engaged] in sexual contact with [R.C.]."

Indecency with a child by sexual contact is a "nature of conduct" offense, meaning that the state must prove that a defendant acted with the specific intent to arouse or gratify sexual desire. *Washington v. State*, 930 S.W.2d 695, 699–700 (Tex. App.—El Paso 1996, no pet.). In *Rodriguez v. State*, 24 S.W.3d 499 (Tex. App.—Corpus Christi 2000, pet. ref'd), the grand jury charged the defendant with indecency with a child by contact. In the application paragraph, the trial court charged the jury that it was to find the defendant guilty if it found that the defendant

3

acted "with intent to arouse or gratify the sexual desire of [the] defendant, intentionally or knowingly[.]" 24 S.W.3d at 502 (second alteration in original). The court of appeals found that the trial court erred in so instructing the jury because, under the charge, the jury could find the defendant guilty without finding that he had the specific intent to arouse or gratify his sexual desire. *Id.* at 502.

Here, the State bore the burden to prove that Appellant had the specific intent to arouse or gratify his sexual desire. The addition of the general mental states of intentionally and knowingly was incorrect. Although we do not find that this inclusion lowered the State's burden of proof, the inclusion of this language did have the potential to confuse the jury. Given this potential for confusion and given the fact that the State had the burden to prove the specific intent, the trial court erred when it included the mental states of intentionally and knowingly in the application paragraphs as to Counts II and VI.

Because Appellant did not object to the charge on the basis of the erroneous inclusion of the mental states of intentionally and knowingly, we will reverse only if we find that Appellant has suffered "egregious harm." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). The actual degree of harm must be assessed "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.*

In this case, Appellant's defense rested entirely upon the idea that R.C. fabricated the allegations in rebellion against the discipline imposed against her in the home. He maintained that none of the crimes happened. There was ample evidence to prove each element of the offenses in Counts II and VI. As we have said, R.C.'s testimony alone is enough. *Proctor*, 356 S.W.3d at 685. When we add to that the number of incidents of contact and the testimony of R.C.'s older sister concerning the numerous times that Appellant abused her, we cannot say that the charge error resulted in egregious harm to Appellant. *See Chiodo v. State*, No. 02-06-00096-CR, 2007 WL 1952375 (Tex. App.—Fort Worth July 5, 2007, pet. ref'd) (mem. op., not designated for publication) (erroneous charge on mental state did not result in egregious harm); *Rodriguez*, 24 S.W.3d at 503 (no egregious harm from erroneous charge). Appellant's second issue is overruled.

In his third issue, Appellant argues that the trial court erred by assessing $7,966.25 in court-appointed attorney's fees and $2,487.50 in court-appointed interpreter's fees as court costs against him. Appellant challenges the sufficiency of the evidence to support the trial court's order requiring him to pay such fees as court costs. In his fourth issue, Appellant contends that the trial court erred by entering two separate orders requiring that funds be withdrawn from his inmate trust account for payment of the court costs. Based on the state of the evidence in the record, the State has rightly conceded error on Appellant's third and fourth issues. *See Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010). Therefore, Appellant's third and fourth issues are sustained, and the trial court's judgments are modified as set forth below.[1]

In its judgment in Count II, the trial court assessed court costs against Appellant in the total amount of $11,136.75. In the "Court Costs" section of the judgment in Count VI, the trial court stated, "See Count II." The record shows that the assessed court costs of $11,136.75 included $7,966.25 in court-appointed attorney's fees and $2,487.50 in interpreter's fees. In this case, the amounts for court-appointed attorney's fees and interpreter's fees should not have been assessed as court costs. Therefore, the judgment in Count II is modified to delete the amount of "$11,136.75" as court costs and to read as follows: "Court Costs: $683.00." The Order to Withdraw Funds in Count II is modified to change the amount of $11,136.75 to $683.00. The Order to Withdraw Funds in Count VI is hereby set aside. Because we have modified the judgment in Count II to reflect court costs of $683.00 and because the trial court stated, "See Count II" in the "Court Costs" section of the judgment in Count VI, the judgment in Count VI is necessarily modified to the same extent as the judgment in Count II. As modified, the judgments of the trial court are affirmed.

ERIC KALENAK

June 21, 2012                                                        JUSTICE

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

---

[1]On June 14, 2012, we issued our opinion in *Cates v. State*, 11-10-00187-CR (Tex. App.—Eastland June 14, 2012, no pet. h.). *Cates* is procedurally and factually distinguishable from this case. In *Cates*, the State did not concede error on the issue of whether the trial court had erred by ordering the appellant to pay court-appointed attorney's fees.